STATE v. J. D. FLEMING.

(Filed 6 April, 1932.)

1. **Homicide G b—Killing with deadly weapon raises presumptions of malice and that killing was unlawful.**

Where upon the trial for a homicide the solicitor does not ask for a conviction of murder in the first degree but of murder in the second degree or manslaughter, and the defendant admits he killed the deceased with a pistol but contends that the deceased was attacking him with a knife, and that the killing was in self-defense, the killing with the deadly weapon raises the presumptions of malice and that the killing was unlawful, both of which presumptions the defendant must rebut by his evidence, and where he rebuts the presumption of malice only, the presumption that the killing was unlawful remains, making the crime manslaughter.

2. **Criminal Law L e—Exclusion of testimony will not be held for reversible error where other evidence of same import is admitted.**

Where, in a prosecution for homicide, the prisoner pleads self-defense, the exclusion of evidence, over his objection, tending to show the deceased had a grudge against him is not reversible error when other evidence to the same effect is admitted at the trial without objection.

3. **Criminal Law I g—Instruction in this case held to conform to C. S., 564, and was sufficiently full.**

Where, in a prosecution for homicide, the court states the essential evidence in the case in a plain and concise manner, and explains the law arising thereon, the instruction meets the requirements of C. S., 564, and will not be held for error, there being no request by the defendant for special instructions.

**4. Criminal Law L e—Court may fix maximum and minimum sentence within statutory allowance in his discretion which is not reviewable.**

The question of the imposition of a sentence on the prisoner convicted of manslaughter within the maximum and minimum allowed by statute, C. S., 4201, is within the discretion of the trial court and is not reviewable on appeal.

APPEAL by the defendant from *Oglesby, J.,* at October Term, 1931, of SURRY. No error.

The defendant in this action was convicted of manslaughter.

It was adjudged by the court that he be confined in the State's prison for a term of not less than fifteen or more than twenty years.

The defendant appealed from the judgment to the Supreme Court, assigning errors at the trial.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*
*Folger & Folger for defendant.*

CONNOR, J. At the trial of this action, the defendant admitted that he killed the deceased with a deadly weapon, to wit, a pistol. He contended, however, that at the time he fired his pistol at the deceased, the deceased was assaulting him with a deadly weapon, to wit, a knife. He relied upon his plea of self-defense, and contended that for that reason he was not guilty of murder or of manslaughter, as charged in the indictment. There was evidence which strongly supported the contentions of the defendant, and to show that the homicide was excusable because committed by the defendant in self-defense; there was evidence to the contrary, which tended to contradict the testimony of the defendant, who testified as a witness in his own behalf, and to show that the homicide was at least manslaughter, if not murder in the second degree. The solicitor for the State announced at the trial that he did not contend that the homicide was murder in the first degree, but did contend that it was murder in the second degree or manslaughter. The evidence, both for the State and for the defendant, was submitted to the jury under a charge which appears in the statement of case on appeal certified to this Court.

Defendant's assignments of error based on his exceptions to the rulings of the trial judge with respect to the evidence cannot be sustained. The error, if any, in sustaining the objection of the State to the testimony of the defendant that the deceased had a "grudge" against him, was not prejudicial to the defendant, for the reason that abundant evidence to that effect was subsequently offered by the defendant, and admitted by the judge without objection by the State. There was no error in the

17—202

refusal of the judge to sustain the objection of defendant to the introduction of the shirt worn by the deceased at the time he was shot and killed by the defendant, as evidence tending to show the location on the person of the deceased of the fatal wound. The shirt was clearly competent as evidence for that purpose.

Assignments of error based upon defendant's exceptions to the charge of the court to the jury, duly noted in the record, and discussed in the brief filed in his behalf in this Court, cannot be sustained. The court properly instructed the jury as to the law with respect to the burden assumed by the defendant when he admitted that he killed the deceased with a deadly weapon, and relied upon his plea of self-defense for a verdict of not guilty. In *S. v. Fowler,* 151 N. C., 731, 66 S. E., 567, the defendant was convicted of manslaughter, notwithstanding there was evidence at the trial tending to sustain his plea of not guilty, because the homicide was committed in self-defense. In that case it is said: "An unlawful killing is manslaughter, and when there is the added element of malice it is murder in the second degree. When the defendant takes up the laboring oar, he must rebut both presumptions—the presumption that the killing was unlawful and the presumption that it was done with malice. If he stops when he has rebutted the presumption of malice, the presumption that the killing was unlawful still stands, and unless rebutted, the defendant is guilty of manslaughter. This is a fair deduction from the cases in this State." This statement of the law is quoted with approval in *S. v. Miller,* 185 N. C., 679, 116 S. E., 416. The principle is well settled in the law of this State.

The contention of the defendant that the judge in his charge to the jury failed to comply with the mandatory provisions of C. S., 564, cannot be sustained. The charge as set out in full in the statement of the case on appeal is in full compliance with the statute. The essential evidence offered at the trial is stated in a plain and correct manner, together with an explanation of the law arising thereon. This is all that is required by the statute. There were no requests by the defendant for special instructions, and no occasion for such requests, as the law involved in the case is simple and easily applied.

We find no error in the trial of the action. The judgment must be affirmed. The judgment prescribing a minimum and a maximum term for the imprisonment of the defendant as punishment for the crime of which he was convicted by the jury, is within the discretion of the judge. C. S., 4201. We cannot review the judgment in that respect. *S. v. Jones,* 181 N. C., 543, 106 S. E., 827; *S. v. Woodlief,* 172 N. C., 885, 90 S. E., 137.

No error.