STATE OF NORTH CAROLINA v. THOMAS JEROME PEARSON

No. 734SC630

(Filed 12 December 1973)

1. Criminal Law § 138— punishment within limits discretionary

Imposition of punishment within limits authorized by statute is within the discretion of the trial judge and is not reviewable on appeal.

2. Homicide § 28— first degree murder — failure to instruct on defense of home — no error

In a first degree murder case the trial court did not err in failing to instruct the jury on defendant's right to protect his home where the evidence tended to show that the fatal stabbing occurred in the residence of a third person.

APPEAL by defendant from *Cohoon, Judge,* 26 February 1973 Session of Superior Court held in DUPLIN County.

By indictment, proper in form, defendant was charged with first-degree murder. Upon arraignment, the solicitor announced that defendant would be tried for second-degree murder. Defendant pled not guilty. The jury found defendant guilty of manslaughter. From judgment sentencing defendant to prison for not less than 18 nor more than 20 years, defendant appealed.

*Attorney General Robert Morgan by Associate Attorney Archie W. Anders for the State.*

*Mercer & Thigpen by Grady Mercer for defendant appellant.*

PARKER, Judge.

[1]  Appellant first assigns error to the sentence imposed, but states no reason and cites no authority to show the sentence invalid. Imposition of punishment within limits authorized by statute is within the discretion of the trial judge and is not reviewable on appeal. *State v. Downey,* 253 N.C. 348, 117 S.E. 2d 39; *State v. Fleming,* 202 N.C. 512, 163 S.E. 453. The sentence here imposed was within the limits authorized by G.S. 14-18. Appellant's first assignment of error is without merit.

[2]  Appellant assigns error to the court's failure "to charge the jury that the defendant had a right to protect his place

of residence, his home." However, such a charge would not have been warranted under the evidence in this case. All of the evidence set forth in the record is that the fatal stabbing occurred in the residence of one Carrie Moore, and there is no evidence that defendant acted in defense of his own premises.

We have carefully examined the entire record and find therein no prejudicial error. The indictment on which defendant was charged and tried was proper in form. He was represented at his trial by counsel who was privately employed by his friends, with his approval and consent, to represent him. There was ample competent evidence to support the jury's verdict. Two eyewitnesses for the State testified to the fatal stabbing and to the events leading up thereto; defendant testified that he stabbed, but only in self-defense. In a charge free from prejudicial error the able trial judge fully and correctly declared and explained the law arising on the evidence given in the case. In defendant's trial and in the judgment appealed from, we find

No error.

Judges HEDRICK and BALEY concur.