STATE OF NORTH CAROLINA v. ROGER JOHN SNOWDEN II, HAROLD WINTERSON SMITH, AND ALAN GRAHAM FUHRMANN

No. 7410SC981

(Filed 21 May 1975)

1. Criminal Law § 138— length of sentence — cause not within indictment
    While it is not necessary for the trial judge to state or explain his reasons for the degree of punishment imposed in a particular case, if the record affirmatively discloses that the sentence was imposed for a cause not within the indictment, the judgment will be vacated and the case remanded for resentencing.

2. Criminal Law § 138— severity of sentence to thwart parole process
    Sentences imposed on three defendants for narcotics offenses must be vacated and the cause remanded for resentencing where the record affirmatively discloses that the severity of the sentences was based on the trial judge's dissatisfaction with the length of time committed offenders remain in prison and his mistaken assumption that the prisoners would automatically be released on parole at the expiration of one-fourth of their sentences.

APPEAL by defendants from *Godwin, Judge*. Judgments entered 14 June 1974 in Superior Court, WAKE County. Heard in the Court of Appeals 12 February 1975.

Alan Fuhrmann was convicted of possession with intent to distribute the controlled substance marijuana and sentenced to prison for a term of not less than two nor more than four years.

Harold Smith was convicted and sentenced to prison for a term of four years for possession with intent to distribute marijuana. A consecutive four-year term was imposed for possession

of lysergic acid diethylamide and another consecutive two-year term for possession of amphetamine.

Roger Snowden was convicted and sentenced to prison for a four-year term for possession with intent to distribute marijuana. A consecutive four-year term was imposed after his conviction for possession of lysergic acid diethylamide. Another consecutive two-year term was imposed after conviction of possession of amphetamine. Another two-year sentence was imposed after his conviction of possession of methylenedioxy amphetamine to run concurrently with the other two-year sentence.

*Attorney General Edmisten, by Associate Attorney C. Diederich Heidgerd, for the State.*

*Tharrington, Smith & Hargrove, by Roger W. Smith and Wade M. Smith; Kimzey, Mackie & Smith, by Stephen T. Smith, attorneys for defendant appellants.*

VAUGHN, Judge.

[1] It is not necessary for the trial judge to state or explain his reasons for the degree of punishment imposed in a particular case. If the punishment is within lawful limits there is a presumption that the judgment and sentence are regular and valid. Where, however, the record affirmatively discloses that the sentence was imposed for a cause not within the indictment, the judgment will be vacated and the case remanded for resentencing. *State v. Swinney,* 271 N.C. 130, 155 S.E. 2d 545. In *Swinney,* defendant had participated in a drinking party with her husband before fatally shooting him. The Supreme Court concluded that the trial judge imposed the sentence, not for involuntary manslaughter, but for defendant's participation in the party. The case was remanded for resentencing.

[2] In the case before us we are faced with a record that affirmatively discloses two reasons for the sentences: a general dissatisfaction with the length of time committed offenders remain in prison, and a mistaken assumption that the prisoners would automatically be released at the expiration of one-fourth of their sentences. For example, in the case of Fuhrmann the following appears: "defendant shall be confined in the State's prison for a term of not less than 2 nor more than 4 years, and shall serve the sentence under the supervision of the department of corrections. *That's worth six months.*" (Emphasis added.) The following also appears: "in order to sentence a man to one

year in prison and feel any confidence that he will serve one year year in prison you have to give him four." There were other statements of like import immediately prior to sentencing.

The legislative, executive and judicial powers of government are separate and distinct. N. C. Const., art. 1, § 6. The Legislature makes the laws. The duties of the judiciary in regard to the punishment of crimes are to determine the guilt or innocence of the accused, and, if that determination is one of guilt, then to pronounce the punishment prescribed by law. *Jernigan v. State,* 279 N.C. 556, 184 S.E. 2d 259. "The executive branch takes over the custody of the prisoner and effects the judgment with such modifications favorable to the prisoner as the above designated agencies deem for the best interest of the State and the prisoner." *Goble v. Bounds,* 281 N.C. 307, 310, 188 S.E. 2d 347, 349.

The granting, withholding or frustration of the parole power is not and has never been a responsibility of the judicial branch of government.

Moreover, contrary to the assumption expressed in the record by the trial judge, a two to four year sentence is not necessarily just "worth six months." Although a prisoner's case is eligible for review when he has served a fourth of his sentence, the time for release is discretionary.

> "The time of releasing each prisoner eligible for consideration for parole as provided for herein shall be discretionary, and due consideration shall be given to the reasonable probability that the prisoner will live and remain in liberty without violating the law; that the release of the prisoner is not incompatible with the welfare of society, and that the record of the prisoner during his confinement established that the prisoner is obedient to prison rules and regulations, and has shown the proper respect for prison officials, and due regard and consideration for his fellow prisoners; and that the prisoner harbors no resentment against society or the judge, prosecuting attorneys, or jury that convicted the prisoner." G.S. 148-60.

"Whether to release a prisoner before completion of his sentence is a question with many facets. It cannot be answered by rules of law." *Goble v. Bounds, supra.* Certainly it cannot and should not be anticipated with the exactness indicated by the

able and dedicated trial judge as the basis for the imposition of sentences in the cases before us. Just as it was held that a judge could not grant "an anticipatory parole," *State v. Lewis,* 226 N.C. 249, 37 S.E. 2d 691, we hold that the sentencing process may not be expressly employed to thwart the parole process, the responsibility for which is vested in another branch of government.

The sentences imposed are within lawful limits and we, therefore, do not consider whether they are excessive. For the reasons stated, however, we hold that justice requires that the judgments be vacated and the cases remanded for resentencing.

Defendants' remaining assignments of error have been considered. In those, we find no prejudicial error.

Vacated and remanded.

Chief Judge BROCK and Judge MARTIN concur.