STATE OF NORTH CAROLINA v. JERRY DOUGLAS PEARCE

No. 96

(Filed 4 January 1979)

1. Criminal Law § 99.6— court's questioning of witnesses—no expression of opinion

   In a prosecution for second degree rape the trial court's questioning of two witnesses concerning their reluctance to testify did not amount to an expression of opinion as to the credibility of the witnesses.

2. Criminal Law § 71— use of word "rape" by witnesses—shorthand statement of fact

   Use of the word "rape" by three witnesses in a second degree rape case did not constitute expressions of opinion on a question of law, since the prosecuting witness's use of the word was a shorthand statement of the assault which she had previously described in detail; testimony by the examining physician which included the word was properly admitted to corroborate the prosecuting witness's trial testimony; and use of the word by an officer in explaining why he examined the prosecuting witness's vehicle was not hearsay and in no way connected defendant with the crime charged.

3. Rape § 4— events following rape—admissibility to show victim's state of mind

   Testimony by a rape victim concerning what occurred after the alleged rape was admissible testimony of the witness's state of mind at that particular time, and no prejudice could result to defendant merely because it was unresponsive.

4. Criminal Law § 89.2— corroboration of oneself

   It is competent for a witness to corroborate herself by testimony that she had made a statement to another person.

5. Criminal Law § 128— witness improperly called—no motion to strike—no prejudice

   Where the trial court indicated in the absence of the jury that he would not allow testimony by a proposed witness concerning an alleged assault upon her by defendant, defendant was not entitled to a mistrial when the proposed witness was called and made a short appearance before defendant objected, the jury was excused, and no explanation was made to the jury concerning the witness, since defense counsel did not request an instruction to disregard the testimony or make a motion to strike, and the only testimony given by the witness was a statement of her name and age.

6. Criminal Law §§ 89.2; 95.1— corroborative evidence—no request for restrictive instruction

   Defendant's contention that the trial court erred in failing to give a restrictive instruction at the time corroborative evidence was admitted and to instruct properly on corroborative evidence in the charge is without merit since the defendant interposed only general objections to corroborative

State v. Pearce

evidence and made no request for instructions on corroborative evidence; nevertheless, the court, although not required to do so, did properly caution the jury that certain evidence was to be considered only for corroborative purposes if the jury in fact found that it was corroborative.

**7. Criminal Law § 77.2 — defendant's exculpatory statement to investigating officer — inadmissibility**

In a prosecution for second degree rape, the trial court did not err in excluding from evidence a statement made by defendant to the investigating officer that he had not had sexual intercourse with the prosecuting witness since such statement was not part of the *res gestae*, was not admissible for purposes of corroboration as defendant did not testify, and constituted a self-serving declaration.

**8. Rape § 5 — second degree rape — threatened use of force — lack of consent — sufficiency of evidence**

Evidence was sufficient in a prosecution for second degree rape to show use or threatened use of force and lack of consent where the testimony of the prosecuting witness was that she scratched and fought with defendant to keep him away, that he knocked her head against the car window, choked her, and threatened to kill her if she tried to get away.

**9. Criminal Law § 111 — written jury instructions — procedure not erroneous**

Although an oral charge is sufficient and the procedure of submitting to the jury envelopes containing written elements of the separate offenses submitted is usually unnecessary, there was no prejudicial error in the procedure as used in this case; moreover, the interchangeable use of the words "elements" and "facts" in the jury charge did not mislead the jury or affect the verdict returned.

**10. Criminal Law § 114.1 — jury instructions — recapitulation of evidence — more time spent on State's evidence — no expression of opinion**

The trial court did not express an opinion in his charge in violation of G.S. 1-180 by devoting more time to recapitulating the State's evidence than defendant's evidence, and the trial judge did not err in failing to review all the evidence favorable to defendant solicited on cross-examination; moreover, use of the words "molesting," "rape" and "assaulted" by the court in his recapitulation of the State's evidence did not amount to an expression of opinion.

**11. Rape § 6.1 — second degree rape charged — incorrect instruction on assault with intent to commit rape — no prejudicial error**

In a second degree rape case where the trial court instructed on the lesser included offense of assault with intent to commit rape, the court's error in failing to instruct that in order to convict on the lesser offense, the jury must find that defendant intended to accomplish his purpose notwithstanding any resistance on the part of the victim was not prejudicial to defendant since it was not necessary to submit the lesser included offense, as there was no evidence to support such an instruction, and since the instruction given was more favorable to defendant than a correct instruction would have been and made it easier for the jury to convict on the lesser included offense.

**12. Criminal Law § 138.2— second degree rape—fifty year sentence—judge's comments before sentencing—no cruel and unusual punishment**

> A vacated sentence of life imprisonment and the sentence of fifty years finally imposed upon defendant after conviction of second degree rape were within the limits fixed by statute and could not be considered as cruel and unusual punishment in the constitutional sense; moreover, the trial court's statements made prior to sentencing about a pending charge against defendant and about the seriousness of the crime of rape merely reflected his information concerning the habits and propensities of defendant and were not prejudicial to defendant.

Justice BROCK took no part in the consideration or decision of this case.

APPEAL by defendant from the decision of the Court of Appeals (in an unpublished opinion) finding no error in the trial before *Godwin, J.,* at the 25 July 1977 Session of WAKE County Superior Court.

Defendant was charged in a bill of indictment, proper in form, with second degree rape. He entered a plea of not guilty.

The State's evidence tended to show that the prosecuting witness, Brenda Trevathan, and a friend gave defendant a ride to Three Flags, a "foosball" parlor in Raleigh, on 13 March 1977. Thereafter, the friend left, and defendant told Miss Trevathan he needed a ride home. Prior to the night in question, Miss Trevathan had seen defendant only once before, on 11 March 1977, when she had given him a ride to an area near his home. On 13 March 1977, she agreed to take defendant home. She was not sure where he lived, and he directed her to a dirt road in an area unfamiliar to her. Defendant began fondling her, and she wrestled with him and told him to get out of the car which he refused to do. He would not let her out of the car, and he struck her repeatedly with his elbow knocking her head against the window. Thereafter, he made her get out of the car and take her clothes off whereupon he had sexual intercourse with her by force and against her will.

Defendant's only witness was a pathologist who testified that all of the tests of the prosecuting witness were negative. On cross-examination, the prosecuting witness testified that she was a virgin, and the examining physician found that her hymenal ring was intact.

The jury returned a verdict of guilty of second degree rape. Judge Godwin sentenced defendant to life imprisonment but the next day changed the sentence to a term of 50 years.

Defendant appealed to the Court of Appeals which found "no error." We allowed defendant's petition for discretionary review on 24 August 1978.

*Rufus L. Edmisten, Attorney General, by Rudolph A. Ashton, Assistant Attorney General, and Leigh Emerson Koman, Associate Attorney, for the State.*

*Carter G. Mackie for defendant appellant.*

BRANCH, Justice.

**[1]** Defendant contends that the trial judge's questioning of two witnesses amounted to an expression of opinion as to the credibility of the witnesses.

When the prosecuting witness expressed a reluctance to testify concerning some of the acts done by defendant, Judge Godwin inquired if she would be able to proceed if certain persons were removed from the courtroom. The witness indicated that she did not want to testify in the presence of defendant but was advised by the court that it would be necessary for defendant to be present. The judge then ordered the questioning be continued.

The other instance pointed to by this assignment of error occurred when the district attorney was questioning the witness Terrell concerning statements made to her by the prosecuting witness. The witness Terrell stated that she did not know whether she could give such testimony. At that point, the court questioned the witness as to whether she was embarrassed or whether she did not recall the statements made. Mrs. Terrell indicated that she could not remember and that she would also be embarrassed to repeat it. The court thereupon ordered that examination of the witness be continued.

It is settled that a trial judge may not, in any state of the trial, intimate any opinion which tends to discredit the accused or his cause. *State v. Cousin,* 292 N.C. 461, 233 S.E. 2d 554 (1977); *State v. Frazier,* 278 N.C. 458, 180 S.E. 2d 128 (1971). It is equally

well recognized in this jurisdiction that in the exercise of his duty to supervise and control the course of a trial, the trial judge may interrogate a witness for the purpose of developing a relevant fact or clarifying a witness's testimony in order to ensure justice and aid the jury in their search for a verdict that speaks the truth. *State v. Riddick*, 291 N.C. 399, 230 S.E. 2d 506 (1976); *State v. Greene*, 285 N.C. 482, 206 S.E. 2d 229 (1974). In instant case, Judge Godwin properly questioned the witnesses Terrell and Trevathan concerning their reluctance to testify and in so doing did not express or intimate any opinion prejudicial to defendant or his case.

[2] Defendant's assignment of error number two is as follows:

> Did the court err in admitting testimony which was conclusionary and invaded the province of the jury and in failing to properly instruct about such testimony?

Under this assignment of error, defendant first argues that the use of the word "rape" by the prosecuting witness, Dr. Thomas Morton, and Officer Battle was improperly admitted because it constituted an expression of opinion which was the ultimate fact for the jury to determine.

The prosecuting witness testified that she told Dr. Morton that, "I had gotten raped." She also told Deputy Sheriff Glennon that her car "had been stolen and the guy that stole my car raped me."

Dr. Morton testified that Brenda told him that a recent acquaintance asked her to take him home, but she was directed to a secluded area "where she was raped." Defense counsel on each occasion objected to the use of the word "rape" and moved to strike.

In the recent case of *State v. Goss*, 293 N.C. 147, 235 S.E. 2d 844 (1977), this Court, speaking through Exum, J., stated:

> In *State v. Vinson*, 287 N.C. 326, 215 S.E. 2d 60 (1975), *death sentence vacated*, 96 S.Ct. 3204 (1976), we held the use of the word "rape" by a witness did not constitute an opinion on a question of law. The same issue was presented in *State v. Sneeden*, 274 N.C. 498, 501, 164 S.E. 2d 190, 193 (1968), where we held that the victim's statement that "defendant

was in the act of raping her was merely her way of saying that he was having intercourse with her. She was not expressing her opinion that she had been raped. Rather, she was stating in shorthand fashion her version of the events . . . ." Joyce Johnson testified, "When I say he started raping me, I mean he got on top of me and he started having sexual intercourse with me and I begged him to leave me alone and to get off." She also testified that "on both of these occasions he penetrated me." Her use of the term "rape" was clearly a convenient shorthand term, amply defined by the balance of her testimony. This assignment is overruled.

By his fourth assignment of error, defendant claims the court erred in allowing the repetition by witness Barry Wood of Joyce Johnson's pre-trial statement in corroboration of her trial testimony on grounds that the statement contained hearsay and conclusory declarations. Defendant's objections to the use of the word "rape" in this statement we have already answered. . . .

In the case *sub judice*, the word "rape" was used by the prosecuting witness upon a background of testimony in which she had made a detailed statement of the actual assault upon her. The use of the word "rape" was obviously a "shorthand statement" of the assault which she had previously described in detail. Also, as in *Goss*, testimony by Dr. Morton which included use of the word "rape" was properly admitted since it was offered purely for the purpose of corroborating the prosecuting witness's trial testimony.

We turn to defendant's contention that the failure of the trial judge to strike the testimony of Officer Battle was prejudicial error. Officer Battle testified that, "I was requested by Deputy Smith to process the vehicle in reference to a larceny of auto and also in reference to a rape that probably occurred in the vehicle."

[3] This testimony is not subject to the objection that it was hearsay. It was not offered to prove the truth of the matter stated but merely to show why the officer examined the automobile. *State v. Caddell,* 287 N.C. 266, 215 S.E. 2d 348 (1975). Further, this testimony could not have prejudiced defendant for it in no way connected defendant with the charged crime. Finally, under this assignment of error, we consider defendant's argument

that the following testimony was unresponsive and constituted an impermissible expression of opinion. After the prosecuting witness had testified fully concerning the act of rape, she testified concerning what occurred after the alleged rape:

> I had my clothes on then and he told me to take my pants off and pull my pants down, not all the way off, but pull them down and I hesitated and he told me not to hesitate.

> Q. Do you recall exactly how he said it?

> A. No sir, I just—I felt the harm was already done.

> MR. MACKIE: OBJECTION, motion to strike.

> A. Well it was.

> MR. MACKIE: OBJECT to that specifically.

> COURT: OVERRULED, OVERRULED: motion is denied.

This evidence was admissible testimony of the witness's state of mind at that particular time. *McRae v. Malloy*, 93 N.C. 154 (1885). Since the answer was relevant and admissible, no prejudice could result to defendant merely because it was unresponsive. *State v. Ferguson*, 280 N.C. 95, 185 S.E. 2d 119 (1971).

This assignment of error is overruled.

[4] Defendant next contends that the trial court erred in admitting "self-corroborating" testimony of the prosecuting witness and in failing to immediately instruct the jury about such evidence. During direct examination of the prosecuting witness, the district attorney asked if she had given a statement to a deputy sheriff and indicated that such testimony would be offered for purposes of corroboration. Judge Godwin ruled that the witness was not permitted to corroborate herself. After a recess, the district attorney asked the witness what she had told the deputy, and she was allowed to respond over defendant's objection. It is competent for a witness to corroborate herself by testifying that she had made a statement to another person. *State v. Lentz*, 270 N.C. 122, 153 S.E. 2d 864 (1967), *cert. denied*, 389 U.S. 866. The later admission of this testimony, at most, was repetitive, and we discern no resulting prejudice. Furthermore, where, as here, defendant does not specifically request an instruction restricting

the purpose of corroborative evidence, its admission is not assignable as error. *State v. Bryant*, 282 N.C. 92, 191 S.E. 2d 745 (1972), *cert. denied*, 410 U.S. 958; *cert. denied*, 410 U.S. 987.

**[5]** Defendant contends that the trial court erred in denying defendant's motion for mistrial after the appearance and short testimony of an "unexplained" witness. The prosecuting witness had testified that defendant did not call her by her name, Brenda, on the night in question, but rather called her Barbara. Thereafter, the district attorney informed Judge Godwin and defendant's attorney, in the jury's absence, that he intended to call Barbara Pearce as a witness. Upon learning that the proposed witness would testify about an alleged assault upon her by defendant, Judge Godwin indicated that he would not allow such testimony. Later in the trial, Barbara Pearce was called as a witness, and the following exchange took place:

DIRECT EXAMINATION by Mr. Dombalis:

Q. Would you tell the court your name please?

A. Barbara Louise Pearce.

Q. How old are you Barbara?

A. Eighteen years old.

Q. How old were you on March 11, 1977?

A. Eighteen years old.

Q. Do you know the defendant, Jerry Pearce?

MR. MACKIE: Now I OBJECT. . . .

At this point, it was brought to the court's attention that this witness was the subject of the earlier conference. The jury was excused, the witness was allowed to testify on voir dire, and the trial court ruled that the evidence would not be admitted. Defendant then made a motion for mistrial based on possible speculation in which the jury might engage concerning the identity of the witness. The motion for mistrial was overruled. It is well settled that a motion for mistrial in a non-capital case is addressed to the discretion of the trial court, and his ruling thereon is not reviewable without a showing of gross abuse of discretion. *State v. Daye*, 281 N.C. 592, 189 S.E. 2d 481 (1972); *State v. Battle*, 267

N.C. 513, 148 S.E. 2d 599 (1966). Here we find no abuse of discretion. Moreover, we find no merit in defendant's contention that the trial court should have instructed the jury to disregard the witness's testimony. Defense counsel did not request an instruction or make a motion to strike. Further, the only testimony given by the witness was a statement of her name and age. Under the circumstances, we see no possible prejudice to defendant resulting from this testimony or any need for an instruction to disregard it.

[6] Defendant assigns as error the failure of the trial judge to give a restrictive instruction at the time corroborative evidence was admitted and to properly instruct on corroborative evidence in the charge.

When corroborative evidence is offered in the nature of prior "consistent statements" and there is a request that the evidence be admitted only for that restricted purpose, the trial judge should instruct the jury that such evidence is admitted not as substantive evidence of the facts stated but solely for the purpose of affirming the witness's credibility if the jury finds that the statement was made and that it was consistent with the witness's trial testimony. 1 Stansbury's North Carolina Evidence (Brandis Rev.), *Witnesses*, Section 52, at 150-151. On the other hand, when there is only a general objection or no objection, the admission of such evidence will not be held to constitute reversible error. *State v. Sawyer*, 283 N.C. 289, 196 S.E. 2d 250 (1973); *State v. Bryant, supra.* When testimony is admitted in corroboration, it will not be ground for exception that the judge fails in his charge to instruct upon the nature of such evidence unless there is a prayer for such instruction. *State v. Ham*, 224 N.C. 128, 29 S.E. 2d 449 (1944); *State v. Johnson*, 218 N.C. 604, 12 S.E. 2d 278 (1940). In the case *sub judice*, when corroborative evidence was first offered by the State upon defense counsel's *general* objection, Judge Godwin instructed:

> The witness may answer the question but I advise you ladies and gentlemen now, that you may consider whatever her answer is, only for the purposes of corroborating testimony already given to you by the witness Brenda Trevathan. You may not consider her response as substantive evidence. You may not consider her response as cor-

roborative of Miss Trevathan unless you find as a fact that it does corroborate her testimony. If you find that part of her response does corroborate and part does not corroborate, you may only consider that part of her response which is corroborative. . . .

This instruction was adequate.

During the examination of Deputy Sheriff Glennon, the State offered evidence through him of a prior consistent statement made by the prosecuting witness. Defense counsel interposed a *general* objection. Again, although not required to do so, Judge Godwin cautioned the jury that this evidence was only to be considered as corroborative evidence. On redirect examination of the same witness, the district attorney requested the witness to read a statement previously given to the officer by the victim. At that point, the record shows:

MR. MACKIE: OBJECTION, except to a limited purpose only.

COURT: The objection as stated is sustained. You ladies and gentlemen may consider the response to the question now put to the witness as corroborative of testimony already given to you by the witness Trevathan. You may not consider it for any other purpose. Court has already defined for you the manner in which you may consider corroborative testimony.

Although the last cautionary instruction was not complete, it clearly told the jury not to consider the evidence for any purpose except in corroboration of the prosecuting witness. This admonition in connection with the court's reference to the full charge sufficiently restricted the purpose of this testimony. Further, we see no merit in defendant's contention that in his charge to the jury the trial judge committed error in the following statement concerning corroborative evidence:

You will recall that some of the evidence has been received under limitation, under restriction and when you come to consider such evidence you must do so within the limitation laid down for you at the time it was received.

There was no duty on the part of the trial judge to charge on corroborative evidence since defendant did not request such an instruction.

[7] Defendant assigns as error the trial court's exclusion from evidence of a statement made by the defendant to the investigating officer. The officer was asked on cross-examination if defendant had denied having sexual intercourse with the prosecuting witness. The district attorney's objection was sustained, and the record indicates that, if allowed to answer, the officer would have testified that defendant did deny having sexual intercourse with the prosecuting witness. Such statement was not part of the *res gestae* nor was it admissible for purposes of corroboration as defendant did not testify. Thus, it was properly excluded as a self-serving declaration. *State v. Taylor*, 280 N.C. 273, 185 S.E. 2d 677 (1972); *State v. Tippett*, 270 N.C. 588, 155 S.E. 2d 269 (1967).

[8] Defendant contends that the trial court erred in denying his motions for nonsuit and directed verdict. He argues that the evidence presented was not sufficient to show use or threatened use of force or lack of consent. The prosecuting witness testified that she scratched and fought with defendant to keep him away, that he knocked her head against the window, choked her, and threatened to kill her if she tried to get away. Certainly, this uncontradicted evidence, when considered in the light most favorable to the State, as we must do, is sufficient to overcome defendant's motion for nonsuit and directed verdict.

[9] Defendant assigns as error the procedure used by the trial judge in delivering to the jury envelopes containing elements of the offenses to be used during its deliberation and in interchangeably using the words "elements" and "facts" in the charge.

In *State v. Frank*, 284 N.C. 137, 200 S.E. 2d 169 (1973), we approved, without *requiring*, the procedure of submitting to the jury envelopes containing written elements of the separate offenses submitted. Although we are of the opinion that an oral charge is sufficient and the envelope procedure is usually unnecessary, we find no prejudicial error in the procedure as used in this case. Further, we agree with defense counsel's supposition that his objection to the isolated use of the words "elements" and "facts" was based on mere semantics. In our opinion, the inter-

changeable use of these words in the charge did not mislead the jury or affect the verdict returned.

[10] Defendant contends that in the recapitulation of the evidence, the trial judge expressed an opinion in violation of G.S. 1-180 by his choice of language and by prejudicially arraying and imbalancing the evidence. Judge Godwin made clear to the jury that, "[n]o attempt will be made to recall or summarize all of the evidence that has been presented." More time was required for summary of the State's evidence than for defendant's simply because the State presented more evidence. Defendant offered only one witness, and his testimony was brief. The trial judge did not err in failing to review all the evidence favorable to defendant solicited on cross-examination, as the law does not require recapitulation of all of the evidence in the charge. *State v. Looney*, 294 N.C. 1, 240 S.E. 2d 612 (1978).

Defendant also complains that the trial judge expressed an opinion by using the words "molesting," "rape," and "assaulted" in his recapitulation of the State's evidence. The law has never required verbatim recitation of the evidence by the court. *State v. Goss, supra; State v. Jones*, 97 N.C. 469, 1 S.E. 680 (1887). The record indicates that the prosecuting witness used the word "rape" several times and that the words "molesting" and "assaulted" as used in the charge fairly summarized the pertinent portions of her testimony. We further note that defendant did not bring to the trial court's attention any of the alleged errors in the recapitulation of the evidence, of which he now complains. This assignment of error is overruled.

[11] Defendant assigns as error the failure of the trial court to correctly instruct on the lesser included offense of assault with intent to commit rape.

A defendant is entitled to have the different permissible verdicts arising on the evidence presented to the jury under proper instructions, and error in failing to submit the lesser included offense is not cured by a verdict of guilty of the charged crime because it cannot be known whether the jury would have convicted on the lesser crime if it had been correctly submitted. However, this principle applies only when there is evidence of the crime of lesser degree. *State v. Thacker*, 281 N.C. 447, 189 S.E. 2d 145 (1972); *State v. Duboise*, 279 N.C. 73, 181 S.E. 2d 393 (1971);

*State v. Riera,* 276 N.C. 361, 172 S.E. 2d 535 (1970); *State v. Davis,* 242 N.C. 476, 87 S.E. 2d 906 (1955).

In all of the above-cited cases, the Court considered cases in which the lesser included offense was *not* submitted. Here the trial judge submitted the lesser included offense upon this instruction:

> . . . I instruct you that if you find from the evidence and beyond a reasonable doubt;
>
> 1) That the defendant assaulted Brenda Trevathan, that is he intentionally put his hands on her private parts and on her breasts without her consent; and 2) that at the time, the defendant intended to have sexual intercourse with her, Brenda Trevathan, I say, if you find those facts from the evidence and beyond a reasonable doubt, it would be your duty to return a verdict of guilty of assault with the intent to commit rape.

We agree with defendant's contention that the instructions on the lesser included offense of assault with intent to commit rape was erroneous. In order to convict a defendant of the crime of assault with intent to commit rape, the State must not only prove an assault but that defendant intended to gratify his passion on the person of the woman, and that he intended to do so, at all events, *notwithstanding any resistance on her part. State v. Gammons,* 260 N.C. 753, 133 S.E. 2d 649 (1963). *See also, State v. Kiziah,* 217 N.C. 399, 8 S.E. 2d 474 (1940). The error in Judge Godwin's charge was his failure to instruct that in order to convict on the offense of assault with intent to commit rape, the jury must find that defendant intended to accomplish his purpose "notwithstanding any resistance on her part."

Rape is the carnal knowledge of a female person by force and against her will. *State v. Crawford,* 260 N.C. 548, 133 S.E. 2d 232 (1963). The terms "carnal knowledge" and "sexual intercourse" are synonymous, and there is "carnal knowledge" when there is the slightest penetration of the sexual organ of a female person by the sexual organ of a male person. *State v. Murry,* 277 N.C. 197, 176 S.E. 2d 738 (1970); *State v. Jones,* 249 N.C. 134, 105 S.E. 2d 513 (1958). Here there was plenary evidence from the victim that her sexual organ was penetrated. Defendant did not testify

but offered the testimony of Dr. Dewey H. Pate, an expert in pathology, who testified that he made tests for the presence of sperm or an enzyme called acid phosphatase which is present when male ejaculum is present. His test did not disclose the presence of sperm or acid phosphatase in the victim's vagina. However, he testified that, "It is possible for the male organ to penetrate a female organ without either of these particular substances appearing in the female vagina."

Defendant also apparently relied upon the testimony of the State's witness Dr. Thomas Morton, an expert in general medicine, who testified that he examined the prosecuting witness on 14 March 1977 and found her hymen to be intact and found no evidence of trauma in the vagina. However, he also stated:

> It is possible that something, in particular a male organ, could have penetrated her vagina, but I think that what I saw, the penis could have penetrated the hymen and that would also be consistent with what I saw.

Thus, the medical testimony is not inconsistent with the victim's positive testimony that defendant had sexual intercourse with her by force and against her will. Therefore, it was not necessary to submit the lesser included offense because there was no evidence to support such an instruction. However, since the trial judge submitted the lesser included offense, we must decide whether the error in that instruction was prejudicial to defendant. We think not. The vice in failing to submit a lesser included offense when there is evidence to support a conviction of a lesser crime is that the jury might well have found the accused to be guilty of the lesser offense rather than the greater. Thus, in this case, the trial judge gave defendant a more favorable instruction than the evidence warranted. Further, the court's failure to charge that defendant intended to accomplish his purpose "notwithstanding any resistance on her part" would have made it easier for the jury to convict on the lesser included offense.

Defendant contends that the trial court erred in denying his motions for a new trial for errors committed and to set aside the verdict as being contrary to the weight of the evidence. These motions are addressed to the discretion of the trial court and refusal to grant them is not reviewable in the absence of abuse of discretion. *State v. McKenna*, 289 N.C. 668, 224 S.E. 2d 537 (1976),

*death sentence vacated,* 429 U.S. 912; *State v. Vick,* 287 N.C. 37, 213 S.E. 2d 335 (1975); *cert. dismissed,* 423 U.S. 918; *State v. Britt,* 285 N.C. 256, 204 S.E. 2d 817 (1974). In instant case, we find no abuse of discretion in the trial court's denial of defendant's motions.

[12]  Finally, defendant takes the position that the sentence imposed by Judge Godwin was based on a mistake of law, was cruel and unusual punishment and that the trial judge grossly abused his discretion in the imposition of the sentence.

Upon return of the verdict and after hearing arguments of counsel, the court stated:

> A few short months ago this man could be facing the penalty of death for the crime which he has committed. I can't help but view the crime of rape as equally as serious as it has ever been. The penalty has been modified, but the crime is equally as serious as it has been. If this young man had been at home with his wife and child he wouldn't be standing here convicted of rape today, nor would he have pending in this court charges of an assault on a female. On each of those occasions he appears to have been at a place that was frequented primarily by younger people and people who did not have their families at home wondering where they were.

The court then entered judgment imposing a sentence of life imprisonment on the verdict of second degree rape. On the next day, the court ordered that judgment stricken and imposed a sentence of fifty years imprisonment.

G.S. 14-21, effective 8 April 1974, in pertinent part provides:

> (2)  Second-Degree Rape—Any other offense of rape defined in this section shall be a lesser-included offense of rape in the first degree and shall be punished by imprisonment in the State's prison for life, or for a term of years, in the discretion of the court.

Both the vacated sentence and the sentence finally imposed were within the limits fixed by the statute and could not be considered as cruel and unusual punishment in the constitutional sense. *State v. Cameron,* 284 N.C. 165, 200 S.E. 2d 186 (1973), *cert.*

*denied,* 418 U.S. 905; *State v. Bruce,* 268 N.C. 174, 150 S.E. 2d 216 (1966). Nevertheless, defendant, relying on *State v. Snowden,* 26 N.C. App. 45, 215 S.E. 2d 157 (1975), and *State v. Swinney,* 271 N.C. 130, 155 S.E. 2d 545 (1967), argues that Judge Godwin considered matters extraneous to the record and not embraced in the indictment.

In *Snowden,* the trial court imposed sentence apparently because of his dissatisfaction with the length of time usually served on sentences given by the courts and his assumption that prisoners are automatically released on parole after serving one-fourth of their sentences.

In *Swinney,* this Court concluded from the record and reasons stated by the presiding judge that he punished defendant, not for the crime of involuntary manslaughter of which she stood convicted but because of a party held in the defendant's home on the night of the killing at which whites and Negroes danced together and were served whiskey and beer. In a long statement prior to sentencing, the trial judge never mentioned the crime of manslaughter of which defendant was convicted but spoke at length concerning the party, which was over at the time of the killing. We quote an example of the trial judge's pre-sentencing statement:

> There is no doubt in my mind about it, that these were white and "negroes" (Negroes) in a private home, drinking liquor and dancing. There is evidence in this case that the defendant was dancing with "negroes" (Negroes) and drinking liquor in her home. I want you to know that that's what breeds this kind of trouble. That this is what breeds this kind of trouble just exactly and just as long as I am judge sitting on the bench and tolerate that kind of thing in the community, there will be more crime of every sort and I'll tell you if I didn't punish this woman in this case, that I would be derelict in my duty. . . .

*Snowden* and *Swinney* differ from instant case in that the sentences in those cases were given and based upon personal views of the judges that had no real connection with the trial.

In this jurisdiction, it is recognized that in pronouncing sentences the court may inquire into the character, habits and

propensities and criminal record of the person to be sentenced before pronouncing judgment. *State v. Cooper*, 238 N.C. 241, 77 S.E. 2d 695 (1953); *State v. Beavers*, 188 N.C. 595, 125 S.E. 258 (1924).

Although heard before verdict, there was sworn testimony before the trial judge in this case that defendant, a married man, had previously assaulted another 18 year old girl at or near an establishment frequented by young people. Thus, in our opinion, the statement made by Judge Godwin prior to sentencing merely reflected his information concerning the habits and propensities of defendant. We are of the opinion that the language used by Judge Godwin does not indicate that the sentence imposed upon defendant was because of the past acts or based upon his personal opinion on matters not connected with the trial. Neither can we see any prejudice to defendant with regard to the court's stated misapprehension as to the former penalty for second degree rape. Obviously, the trial judge referred to the crime of rape before it was divided into degrees by the General Assembly.

The trial judge has broad discretion in imposing sentences. *State v. Fleming*, 202 N.C. 512, 163 S.E. 453 (1932). Under the circumstances of this case, we are unable to find any abuse of discretion on the part of the trial judge in the sentencing procedure.

Our examination of this record discloses no error so prejudicial as to warrant disturbing the verdict returned or the judgment entered.

Affirmed.

Justice BROCK took no part in the consideration or decision of this case.