State v. Swimm

———

STATE OF NORTH CAROLINA v. RICHARD MARK SWIMM

No. 8418SC458

(Filed 16 April 1985)

1. **Criminal Law § 138— sentence in excess of presumptive term—court's comments—no error**

The trial court did not impose a sentence in excess of the presumptive term because of dissatisfaction with the Fair Sentencing Act where it was clear that the court's comments were in direct response to defense counsel's statements and were simply to explain that whatever sentences were imposed, defendant would be entitled to have his sentences reduced for good time and gain time credits.

2. **Criminal Law § 138— resentencing—failure to consider defendant's good prison conduct—no error**

The trial court did not err on resentencing by failing to consider defendant's good prison conduct as a mitigating factor because defense counsel's reference to defendant's good prison conduct did not constitute evidence;

State v. Swimm

moreover, good prison conduct is a matter to be dealt with under the regulations of the Department of Correction and is administrative and not judicial.

APPEAL by defendant from *Albright, Judge*. Judgment entered 15 December 1983 in Superior Court, GUILFORD County. Heard in the Court of Appeals 4 February 1985.

On 12 August 1982, defendant entered a plea of guilty to obtaining property by false pretense, five counts of conspiracy to file false insurance claims and two counts of filing false insurance claims. The court imposed a ten year sentence on the charge of obtaining property by false pretense and upon various consolidations of the other charges. Defendant also received a total of four years to run at the expiration of the ten year sentence. Defendant appealed from the imposition of the ten year sentence. In a non-published opinion, *State v. Swimm*, 64 N.C. App. 210, 307 S.E. 2d 222 (1983), this Court found error in the sentencing phase; vacated the sentence and remanded for resentencing.

At the resentencing hearing on 15 December 1983, the court found factors in aggravation and mitigation and again imposed a ten year sentence, seven years greater than the presumptive, after finding that the factors in aggravation outweighed the factors in mitigation. Defendant again appeals from the imposition of the ten year sentence.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Lucien Capone III, for the State.*

*Assistant Public Defender Frederick G. Lind, for appellant.*

JOHNSON, Judge.

Defendant contends the sentence should be vacated and a resentencing hearing required because (1) the record affirmatively discloses that the trial judge imposed a sentence greater than the presumptive term because of his dissatisfaction with the length of time a prisoner is required to serve under the Fair Sentencing Act, and (2) that the court erred by failing to find defendant's good prison conduct as a mitigating factor.

[1] In support of his argument that the court imposed the ten year sentence because of the court's dissatisfaction with the Fair Sentencing Act, defendant relies upon *State v. Snowden*, 26 N.C.

App. 45, 215 S.E. 2d 157, *cert. denied*, 288 N.C. 251, 217 S.E. 2d 675 (1975). In *Snowden*, this Court ordered a new sentencing hearing on the ground that the following comments by the court affirmatively disclosed that the severity of the sentences imposed was based upon the court's dissatisfaction with the length of time committed offenders remained in prison.

> . . . [D]efendant shall be confined in the State's prison for a term of not less than 2 nor more than 4 years, . . . That's worth six months. . . . [I]n order to sentence a man to one year in prison and feel any confidence that he will serve one year in prison you have to give him four.

*Id.* at 46-47, 215 S.E. 2d at 158.

In the case *sub judice*, defendant, on 12 August 1982, was also sentenced to four years on additional charges to run at the expiration of the ten year sentence. The four year sentence was not affected by this nor the prior appeal. At the resentencing hearing before Judge Albright on 15 December 1983, the following colloquy occurred:

> [Defense counsel]: . . . Judge, it has come out that it was a mitigating circumstance that other people were apprehended and did come to court. We were hoping—we were hoping the first time that your Honor would impose the presumptive sentence. He doesn't want this case in court anymore. I can't understand—I couldn't understand the 10 year sentence on that at the time and I still can't. The other sentences were stacked up at the expiration. They were all presumptives. *I want your Honor to keep in mind whatever sentence your Honor gives him, he has a four year active sentence at the expiration of it.* (Emphasis added.)

> [Court]: . . . he has good time, gain time, all these other matters for which that sentence gets cut drastically.

> \*   \*   \*

> [Court]: My point is, under the Fair Sentencing Act, the way the Legislative set that thing up now, it's a quick release option; the whole emphasis is on quick release, so that 14 years —if he had to serve 14 years—that was the theory under which originally the Fair Sentence Act was being sold across

the State, in which he got the sentence—that's what you would serve. There was no uncertainty; everybody would know that the judge's sentence meant what it said. Well, that's not the case the way this matter is construed now, *my point only being that any sentence the court hands down by operation of law is reduced in half by good time and then reduced* further *by gain time* and all these other things they are doing that I read about where it's presenting a defendant with a quick release option if he behaves himself. Of course, he doesn't have to get that good credit. (Emphasis added.)

[Defense Counsel]: . . . [T]hat depends on his behavior; and of course, we submit he would be good and he would get that.

[The Court]: I am told they are letting them out fast, real fast.

Judge Albright's comments, when read in context do not affirmatively show that he imposed the ten year sentence because of any dissatisfaction with the length of time defendant would be required to serve under the Fair Sentencing Act. Rather, it is clear that his comments were in direct response to defense counsel's statements and were simply to explain that whatever sentences were imposed, defendant, depending on his behavior, would be entitled to have his sentences reduced for good time and gain time credits.

The sole basis for the sentence in excess of the presumptive term was the four aggravating factors which were found by the court to outweigh the mitigating factors. The sentence imposed is within the statutory limit. This assignment of error is without merit.

[2] Defendant next contends the court erred by failing to find defendant's good prison conduct as a mitigating factor.

Defense counsel in argument at the sentencing hearing stated that defendant had been incarcerated since 12 August 1982; that defendant informed him that he did not acquire any prison infractions while in custody. Defense counsel stated further that a parole officer also informed him that defendant did not have any prison infractions.

State v. Swimm

For the following reasons, we hold that the trial court properly refused to consider these statements of defendant's good prison conduct as a mitigating factor. First, defense counsel's references to defendant's good prison conduct did not constitute evidence. *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983). In *Jones*, defense counsel, during sentencing hearing argument, made reference to the contents of a presentencing report which he contended supported a statutory mitigating factor. The Court held that mere reference in counsel's argument to the presentencing report did not constitute evidence. This holding is applicable in the case *sub judice*.

Second, even if defendant had presented evidence to the effect of showing his good prison conduct, such evidence would not have been appropriate for consideration as a non-statutory mitigating factor affecting defendant's sentence. Good prison conduct is a matter to be dealt with under the regulations of the Department of Correction and is administrative and not judicial. *State v. Stone*, 71 N.C. App. 417, 322 S.E. 2d 413 (1984) (Prison rules and regulations respecting rewards and privileges for good conduct are strictly administrative and not judicial).

In the trial of defendant's case we find

No error.

Chief Judge HEDRICK and Judge COZORT concur.