STATE OF NORTH CAROLINA v. STEVE GLEN HODGE

No. 7510SC502

(Filed 19 November 1975)

4. **Criminal Law § 66— lineup — use of interrogation rights form**

Lineup identification testimony was not inadmissible on the ground that the form used to advise defendant of his rights was one used for in-custody interrogation rather than for lineup procedures where the officer, after using the rights form, informed defendant that he was to be in a lineup and had the right to have counsel present, and defendant stated that he did not want an attorney present.

2. **Criminal Law § 75— confession after request for counsel — interrogation about different crimes**

The trial court in an armed robbery case did not err in the admission of a confession to the robbery charge made after defendant stated that he wanted an attorney present during interrogation where defendant and two others were interrogated for an hour about thefts of radios and other equipment from vehicles, defendant then stated that he wanted an attorney present, the interrogating officer told defendant he was leaving the interrogation room to book one of the other persons on radio theft charges and that he would return to interrogate defendant about the robbery in question, when he returned to the interrogation room the officer reminded defendant that he had previously advised defendant of his *Miranda* rights whereupon, before the officer asked defendant any questions about the robbery, defendant stated that he did not know why he did it and made a statement giving details of his participation in the robbery, defendant's statement was reduced to writing and signed by him, and defendant did not request the presence of counsel after being informed that the officer wanted to interrogate him about the robbery, it being clear that defendant wanted a lawyer present only during interrogation about radio thefts.

State v. Hodge

**3. Criminal Law § 138— sentencing — petition by residents of community where defendant lived**

No abuse of discretion was shown in the sentencing of defendant for armed robbery on the ground that the State presented to the court a petition signed by many persons who lived in the community in which defendant resided stating that defendant had been corrupting teenagers in the community and that the moral welfare of children in the area would be influenced by the court's decision where the trial judge stated that he intended to pay the petition no heed.

**4. Criminal Law § 138— severity of sentence to thwart parole process**

Sentence imposed on defendant for armed robbery must be vacated and the cause remanded for resentencing where the record shows the severity of the sentence was based on the trial judge's dissatisfaction with the length of time committed offenders remain in prison and his mistaken assumption that prisoners would automatically be released on parole at the expiration of one-fourth of their sentences.

APPEAL by defendant from *Godwin, Judge.* Judgment entered 20 March 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 25 September 1975.

Defendant was charged with armed robbery of a convenience store manager and pled not guilty to the charge.

The State's evidence tends to show that on 2 January, 1975, Michael Ayscue was employed by a 7-Eleven store in Raleigh; that defendant entered the store about 1:30 or 2:00 o'clock a.m., went to a cooler and got an orange drink, then approached Ayscue from the rear, placed a knife against his neck and forced him to the floor; defendant then opened the cash register, took about $89.00, and ran from the store. During a subsequent investigation conducted by Deputy Sheriff Anthony, Ayscue gave a description of the person who robbed the store but was unable to positively identify the robber by looking at five or six photographs presented to him by Deputy Anthony. Defendant was arrested for probation violation on 20 January, taken to an interrogation room in the Wake County Courthouse about 9:00 p.m., where he was fully advised of his *Miranda* rights, and then signed a written waiver.

Deputy Anthony testified that he interrogated defendant and two others about a larceny of radios, unrelated to this robbery charge. About 45 minutes into the larceny interrogation, defendant said he wanted to talk to an attorney about the radio larceny; the interrogation was stopped. Deputy Anthony left the interrogation room to book one of the others on the radio theft after telling defendant that he would return to question

him about this robbery. When he returned to the interrogation room, Deputy Anthony told him that he had already advised him of his rights; and before asking a question about this robbery, defendant said he did not know why he did it, then made a confession, which was reduced to writing and signed by the defendant. Following this voir dire, the trial judge found the statement was voluntary and admitted it in evidence. On the following day the defendant was placed in a lineup with six others, and he was identified by Ayscue as the perpetrator. The defendant offered no evidence.

The jury found defendant guilty of armed robbery and from a prison sentence, defendant appeals.

*Attorney General Edmisten by Assistant Attorney General Donald A. Davis for the State.*

*Robert N. Hunter, Jr., for defendant appellant.*

CLARK, Judge.

[1] Defendant contests the admission into evidence of the results of the lineup identification on the ground that the form used in advising the defendant of his rights was one used to advise suspects in custodial interrogation and was not properly used in lineup procedures. The record on appeal reflects, however, that the law officer, after using the rights form, which defendant signed, informed him that he was to be in a lineup and had the right to have counsel present. Defendant told the officer that he did not want an attorney present. G.S. 7A-457 (c) provides:

> "An indigent person who has been informed of his right to be represented by counsel at any out-of-court proceeding, may, either orally or in writing, waive the right to out-of-court representation by counsel."

See *State v. Williams*, 274 N.C. 328, 163 S.E. 2d 353 (1968). The evidence fully supports the ruling of the trial judge in the admission of the identification evidence.

[2] Defendant assigns as error the admission of the statement to Deputy Anthony which was made after the defendant stated that he wanted an attorney present during the interrogation. Defendant relies on the following language in *Miranda v. Ari-*

*zona,* 384 U.S. 436, 474, 16 L. Ed. 2d 694, 723, 86 S.Ct. 1602 (1966):

> " 'If the individual states that he wants an attorney, the interrogation must cease until an attorney is present. At that time, the individual must have an opportunity to confer with the attorney and to have him present during any subsequent questioning. If the individual cannot obtain an attorney and he indicates that he wants one before speaking to police, they must respect his decision to remain silent.' "

*Sub judice,* the evidence reveals that Deputy Anthony arrested the defendant on a probation violation warrant and took him with two others to interrogation rooms to question them about thefts of radios and other equipment from vehicles, which were completely unrelated to the subject robbery charge. Some of the stolen radios were found in the trunk of the car occupied by defendant and one of the other two suspects. Defendant denied any knowledge of the thefts. Defendant and the two other suspects told different stories. The case against the defendant was based primarily on the presumption arising from possession of recently stolen property. After interrogating the three suspects for about an hour, Deputy Anthony felt that he had them trapped. At this point the defendant stated that he wanted a lawyer present. Rather than wait for a lawyer before pursuing the interrogation Deputy Anthony released one suspect, charged another with the radio thefts, and told defendant that he was leaving the interrogation room to book one of the suspects but that after doing so he would return to the room to interrogate the defendant about the armed robbery at the 7-Eleven store on Six Forks Road. After booking the one suspect on radio theft charges, Deputy Anthony returned to the interrogation room. He reminded defendant that he had previously advised him of his *Miranda* rights whereupon, before the officer asked him any questions about the subject robbery, defendant stated that he did not know why he did it; he then made a statement relating the details of his participation in the crime. His statement was reduced to writing and signed by him.

From this evidence it is clear that defendant wanted a lawyer present during interrogation on the radio theft charges only. These charges were entirely separate from and unrelated to the subject robbery charge, which had not been mentioned by the interrogating officer when defendant requested counsel. Defendant did not request the presence of counsel when in-

formed by the officer that he wanted to interrogate him about the subject robbery and would return to do so after booking the suspect on the radio theft charges nor did defendant request the presence of counsel at any time subsequent thereto. Under these circumstances the conclusion of the trial court that the statement of the defendant was knowingly and voluntarily made is fully supported by the evidence, and this evidence further supports the conclusion, inferred but not found by the trial court, that defendant knowingly and intelligently waived his right to have counsel present during interrogation.

The following statement also appears in *Miranda:*

" 'If the interrogation continues without the presence of an attorney and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel.' [384 U.S. 474-75]"

It is our opinion that the State has carried this heavy burden and has clearly and convincingly established that the rights of the defendant against self-incrimination were in no way violated.

[3] After verdict and before sentencing, the State presented to the trial judge a petition signed by many persons who lived in the community where defendant resided. Briefly it was stated in the petition that for some time the defendant had been corrupting teenagers in the community, and the suggestion was made that the moral welfare of the children in the area would be influenced by the court's decision. Defendant contends it was error for this petition to be brought to the attention of the court. When informed of the contents of the petition, the trial judge replied that he paid little attention to petitions and that he intended to pay it no heed. The general rule on sentencing is stated in *State v. Sudderth,* 184 N.C. 753, 756, 114 S.E. 828, 830 (1922): "It is the accepted rule with us that within the limits of the sentence permitted by law, the character and extent of the punishment is committed to the sound discretion of the trial court, and may be reviewed by this Court only in case of manifest and gross abuse." In *State v. Stansbury,* 230 N.C. 589, 591, 55 S.E. 2d 185, 188 (1949), it was stated that the court could hear and consider "all available information concerning the nature of the offense with which the accused was charged,

and his character, propensities, and past record in fixing the kind and amount of his punishment." In this case it appears that the trial judge was not controlled or even influenced by the petition. We find no abuse of discretion.

[4]  It appears from the record on appeal that the trial judge, prior to sentencing, made a statement expressing dissatisfaction with the length of time a committed offender remained in prison and assumed that prisoners would automatically be released on parole at the expiration of one-fourth of their sentence. On the authority of *State v. Snowden*, 26 N.C. App. 45, 215 S.E. 2d 157 (1975), the judgment must be vacated and the case remanded for resentencing.

We find no prejudicial error but for the reasons stated the sentence is vacated and the case is remanded.

Vacated and remanded.

Judges BRITT and PARKER concur.