STATE OF NORTH CAROLINA v. CLEM CLEMMONS

No. 777SC302

(Filed 21 September 1977)

1. **Criminal Law § 66.9— pretrial photographic identification of defendant—no suggestiveness**

   An in-court identification of defendant by the victim of an attempted robbery was not tainted by pretrial identification of photographs where the evidence tended to show that the victim was shown photographs on three occasions; she saw at least eight or ten photographs of black males each time; and there was no hint or suggestion that she select the defendant's photograph.

2. **Criminal Law § 66.20— identification of defendant—voir dire—sufficiency of findings**

   Defendant's contention that the trial court failed to make adequate conclusions based on the *voir dire* with respect to in-court identification of defendant is without merit where the court found that the witness's identification was based on observation of defendant at the crime scene and that defendant's constitutional rights were not violated by pretrial photographic identification procedures.

3. **Robbery § 5— attempted armed robbery—failure to instruct on attempted common law robbery—no error**

   In a prosecution for attempted armed robbery where the evidence that defendant's accomplice used a rifle was uncontradicted, the trial court did not err

State v. Clemmons

in failing to instruct the jury as to the lesser included offense of attempted common law robbery.

**4. Criminal Law § 138.7 — punishment — consideration of victim's testimony**

In a prosecution for attempted armed robbery, the trial court did not err by allowing a victim to make a statement relating to the punishment of defendant.

APPEAL by defendant from *Browning, Judge*. Judgment entered 14 October 1976 in Superior Court, WILSON County. Heard in the Court of Appeals 1 September 1977.

Defendant was charged with attempted armed robbery. At his trial there was evidence to show that at approximately 10:00 p.m. on the night of 3 August 1976, defendant entered Kenwood Court Motel in Wilson, North Carolina where Mrs. Nellie Williams was working as manager. Defendant was followed into the motel office by Walter Hardy. Hardy carried a rifle, later alleged to be empty. Tipped off by the screams of his wife, Mr. Williams got his gun and came from their nearby bedroom shooting at defendant and Hardy, both of whom fled. Mrs. Williams was injured by a bullet from her husband's gun.

On *voir dire* it was established that on separate occasions Mrs. Williams had identified both Hardy and defendant from photographs supplied by the police. She was thereafter allowed to identify defendant as the man who came into the motel first on the night of the attempted armed robbery. Walter Hardy testified for the State that he and defendant had been drinking on the night of 3 August 1976, and that defendant had suggested that they "rob some place." According to Hardy, defendant told him to stop at the motel and to come in with the rifle after defendant had gone in on the pretense of getting a room.

Defendant presented testimony that Hardy had driven him to the motel so that defendant could rent a room in which to meet a girl friend later that night, and that he had no intent to commit armed robbery. Hardy, according to defendant's testimony, followed him into the motel and placed him unwittingly in a situation in which he appeared to be an accomplice. Helen Woodard testified that she and defendant did have a date planned for the evening of 3 August 1976, and that they were to meet at a motel which defendant was to select that night.

Defendant was convicted of attempted armed robbery and was sentenced to sixty (60) years imprisonment. He appeals.

*Attorney General Edmisten, by Robert W. Newsom, III, Associate Attorney, for the State.*

*Bobby G. Abrams for defendant appellant.*

ARNOLD, Judge.

[1] Defendant makes several arguments concerning the in-court identification by Mrs. Williams. The record shows that upon objection by defense counsel there was a proper *voir dire* examination of the witness Nellie Williams. The defendant asserts, first, that the trial court's conclusion following the *voir dire* examination did not meet the requirements of *Simmons v. United States*, 390 U.S. 377, 384, 19 L.Ed. 2d 1247, 1253 (1968), which defendant quotes:

> "[C]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."

We have reviewed the record and find no evidence that the pretrial identification by photograph was impermissibly suggestive. The testimony of both Mrs. Williams and the Chief Deputy Sheriff of Wilson County established that Mrs. Williams was shown photographs on three occasions, that she saw at least eight or ten photographs of black males each time, and that there was no hint or suggestion that she select the defendant's photograph.

[2] As a second contention, defendant argues that the trial court failed to make adequate conclusions based on the *voir dire* examination. The court stated:

> "That, based on the foregoing FINDINGS OF FACT, the Court CONCLUDES THAT THE identification of the defendant, Clem Clemmons by Mrs. Williams, was based on her viewing of the defendant on the night in question in the Kenwood Motel;

> "The Court further CONCLUDES that the identification procedure as described above does not violate the Constitutional rights of the defendant either under the Constitution of the United States or the Constitution of the State of North Carolina."

The defendant argues that the case of *State v. Accor* and *State v. Moore*, 277 N.C. 65, 175 S.E. 2d 583 (1970), controls the content of the

court's conclusions. In that case, the Supreme Court ruled that the following conclusion was inadequate:

> " 'Upon the foregoing Findings of Fact, the Court concludes as a matter of law that the out-of-court identifications of the defendants, Moore and Accor, by Mr. and Mrs. Witt Martin, Mr. James Martin, and Mrs. Elizabeth Martin Carson were lawful.' "

The Court went on to state that under certain circumstances, depending on the objection to identification, the trial court should evaluate, in the *voir dire* hearing, possible violations of Fourth Amendment and Sixth Amendment rights. In the instant case, however, the trial court did conclude that the pretrial identification procedure did not violate the constitutional rights of the defendant.

Defendant specifically contends, nevertheless, that there was no evidence that defendant was under arrest when he was photographed. The record is unclear on this point. The trial court did not make a specific finding of fact concerning this question, and while the findings of fact may be less than adequate, we conclude that the overall pretrial identification procedure was not "so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification." *Simmons v. United States, supra.*

The total absurdity of defendant's arguments with respect to the in-court identification by Mrs. Williams is that defendant never denied being at the motel at the time of the attempted robbery. Defendant testified that he went into the motel lobby and discussed with Mrs. Williams the possibility of renting a room, and that when Hardy entered behind him carrying a rifle he was just as surprised as Mrs. Williams, and that he ran when shots were fired.

A second argument by defendant that the court erred by denying him the right to cross-examine Hardy concerning Hardy's wife's actions when she discovered that her rifle was used during the attempted robbery cannot be considered. The denial of a criminal defendant's questions on cross-examination is closely scrutinized, but the record here fails to disclose Hardy's answer, and without more definite assertion of error in the court's denial we are unable to find any abuse in the discretion exercised by the trial judge.

[3] The third argument made by defendant that the trial court committed prejudicial error by failing to instruct the jury as to the lesser included offense of attempted common law robbery is without merit. The essential difference between armed robbery and com-

mon law robbery is that the former is accomplished by the use or threatened use of a firearm, or other dangerous weapon, whereby the life of a person is endangered or threatened. G.S. 14-87; *State v. Lee*, 282 N.C. 566, 193 S.E. 2d 705 (1973). In a prosecution for armed robbery, the trial court is not required to submit the lesser included offense of common law robbery unless there is evidence of defendant's guilt of that crime. If the State's evidence shows an armed robbery, and there is no conflicting evidence on the elements of the crime charged, an instruction on common law robbery is not required. *State v. Lee, supra.*

The same distinction would, of course, exist as between attempted armed robbery and attempted common law robbery, and the same analysis would apply. In the present case there was no evidence of attempted common law robbery. There was no conflict of evidence concerning the threatened use by Hardy of a firearm. Hence, there was no reason for the trial court to instruct on the lesser included offense of attempted common law robbery.

[4]   The final argument which we will consider is defendant's contention that the trial court committed prejudicial error by allowing a victim of the attempted armed robbery to make a statement relating to the punishment of the defendant. After the verdict and before sentencing, Mr. Williams, at the invitation of the trial judge, made a statement concerning defendant's punishment. Defendant had previously made a statement with respect to punishment and requested a light sentence. We can find no prejudicial error in allowing the statement by Mr. Williams.

In determining the punishment to be imposed, the trial court is not confined to evidence relating to the offense charged, but may look anywhere, within reasonable limits, for other facts which will enable the court to act wisely. *State v. Thompson*, 267 N.C. 653, 148 S.E. 2d 613 (1966). While the victim's statement does not fall within the categories frequently listed for permissible inquiry, i.e., age, character, education, environment, habits, mentality, propensities, and the record of defendant, *State v. Cooper*, 238 N.C. 241, 244, 77 S.E. 2d 695, 698 (1953), we find no authority which would prohibit such inquiry. Furthermore, the sentence of sixty years was within the permissible limit of life imprisonment for armed robbery under G.S. 14-87. (We note also from the statement which defendant made that, at the time he committed this offense, defendant was on parole from a sentence for armed robbery in Maryland.)

Defendant makes several more arguments in which we find no merit.

No error.

Judges PARKER and MARTIN concur.