STATE OF NORTH CAROLINA v. WILLIAM "BILLY" HESTER

No. 7810SC240

(Filed 1 August 1978)

1. Criminal Law § 112.1— charge on reasonable doubt

The trial court's charge on reasonable doubt was not insufficient in failing to include the words "satisfied to a moral certainty."

2. Criminal Law § 104— discrepancies in State's evidence—nonsuit

Dismissal of breaking and entering and larceny charges was not required because one State's witness testified the break-in occurred on the night of 30 March and another State's witness testified that it occurred on the night of 31 March, since discrepancies in the State's evidence do not warrant nonsuit.

3. Criminal Law §§ 138.1, 138.7— severity of punishment—criminal record—work record—more severe sentence than accomplice

Sentences imposed on defendant for breaking and entering and larceny were not improper because of the trial judge's statement that he had seen studies which "indicate that at the point that an individual accumulates this much record, that the likelihood of rehabilitation is very small," the trial judge's failure to consider defendant's good work record, or the disparity between sentences given to defendant and sentences given to an accomplice, since (1) the trial judge acted within his discretion in considering defendant's criminal record; (2) assuming the judge was required to consider defendant's work record, it cannot be concluded that he failed to do so inasmuch as he recommended defendant for work release; and (3) the disparity in sentences resulted from the court's consideration of defendant's criminal record.

APPEAL by defendant from *Brewer, Judge.* Judgment entered 12 January 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 28 June 1978.

Defendant was indicted for breaking and entering and larceny, convicted by a jury, and sentenced to consecutive terms of ten years and four to ten years respectively.

Ronald Rivers testified for the State that: he knew defendant and they worked together; he and defendant got together after work on 31 March 1977, drank, and went to various clubs; they then drove to an apartment complex and broke into an apartment, stealing stereo equipment which he later sold; and he had pleaded guilty to the offenses. Iona Smith testified that she was Johnny McKinley's mother-in-law and lived near his apartment. She testified that she observed two people breaking into McKinley's house and "coming out toting stuff" about 12:30 or 1:00 a.m. on the night of 31 March 1977 and that she called McKinley. Finally, the State presented McKinley, who testified that he left certain stereo equipment in the apartment about 11:30 on the evening of 30 March and that the equipment was missing when he returned at about 7:00 the following morning.

Defendant testified that he was elsewhere on the night of 30-31 March and presented two alibi witnesses, his girlfriend and his mother.

Before the Court imposed sentence, defendant's attorney urged it to consider the fact that Rivers had not received an active sentence. The district attorney presented defendant's criminal record, which was a substantial one. The trial court imposed the sentences stated above. Defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General John C. Daniel, Jr., for the State.*

*C. D. Heidgerd, for defendant appellant.*

ERWIN, Judge.

[1] Defendant contends that the trial court erred in defining "reasonable doubt" as follows in its charge:

"A reasonable doubt is a doubt based on reason and common sense arising out of some or all of the evidence that has been presented or a lack or insufficiency of the evidence as the case may be.

Proof beyond a reasonable doubt is proof that fully satisfies or entirely convinces you of the defendant's guilt."

Relying on *State v. Hammonds*, 241 N.C. 226, 85 S.E. 2d 133 (1954), defendant maintains that the trial court erred in failing to include "satisfied to a moral certainty" in the charge. However, a definition of "reasonable doubt" identical to the one given herein was approved by our Supreme Court in *State v. Wells*, 290 N.C. 485, 226 S.E. 2d 325 (1976). Therefore, this assignment of error is overruled.

[2]   Defendant observes that State's witness Rivers testified that the break-in occurred on the night of 31 March 1977, while McKinley indicated that it took place on the night of 30 March 1977. He argues that "[t]he variance between the two crucial State's witnesses . . . was sufficient to entitle the defendant to the Motion to Dismiss." We do not agree.

Our Supreme Court stated in *State v. Bolin*, 281 N.C. 415, 424, 189 S.E. 2d 235, 241 (1972):

"On a motion for judgment as in case of nonsuit, the evidence must be considered in the light most favorable to the State. Contradictions and discrepancies, even in the State's evidence, are matters for the jury and do not warrant nonsuit."

*See also State v. Smith*, 291 N.C. 505, 231 S.E. 2d 663 (1977). This assignment of error is without merit.

[3]   Finally, although acknowledging that his sentences are within statutory limits, defendant contends that they should be vacated, because the trial court considered improper matters and abused its discretion in imposing the sentences. Specifically, he argues that the trial judge's stated consideration of "studies I have seen [which] indicate that at the point that an individual accumulates this much record, that the likelihood of rehabilitation is very small," his failure to consider defendant's good work record, and the disparity between his sentences and that given to Rivers make his sentences "offensive to the public sense of 'fair play.'"

Although not conclusively so, it is presumed that a sentence within statutory limits is valid. 4 Strong's N.C. Index 3d, Criminal Law, § 138.

Clearly, the trial court acted within its discretion in considering defendant's criminal record. *State v. Hegler*, 15 N.C. App. 51, 189 S.E. 2d 596 (1972), *cert. denied*, 281 N.C. 761, 191 S.E. 2d 358 (1972). Further, we cannot conclude that the trial court failed to consider defendant's good work record, even assuming it had to; in fact, the trial court recommended defendant for the "Work Release Program."

Nor does defendant's contention relating to the sentence disparity between Rivers and himself have merit. The trial court merely was taking cognizance of defendant's criminal record. There is nothing in the record to indicate that the sentences imposed herein were the result of defendant's plea of not guilty; therefore, *State v. Boone*, 293 N.C. 702, 239 S.E. 2d 459 (1977), relied upon by defendant, is not controlling.

The presumption of sentence regularity may be overcome, however, if the record reveals that the trial court considered irrelevant and improper matters. *See State v. Swinney*, 271 N.C. 130, 155 S.E. 2d 545 (1967). Such does not appear on this record. Our Supreme Court observed in *State v. Locklear*, 294 N.C. 210, 213, 241 S.E. 2d 65, 67 (1978): "It suffices to say that trial judges have a broad discretion, and properly so, in making a judgment as to proper punishment. They must not be hampered in the performance of that duty by unwise restrictive procedures." *See also State v. Pope*, 257 N.C. 326, 126 S.E. 2d 126 (1962).

The other cases relied upon by defendant, *State v. Swinney, supra, State v. Hodge*, 27 N.C. App. 502, 219 S.E. 2d 568 (1975), and *State v. Snowden*, 26 N.C. App. 45, 215 S.E. 2d 157 (1975), *cert. denied*, 288 N.C. 251, 217 S.E. 2d 675 (1975), are not controlling. In *Swinney*, the sentence was vacated because it appeared that the trial court was influenced by *legal* conduct by defendant, but which it considered improper. Both *Hodge* and *Snowden* involved a misapprehension as to the parole process, the trial judge believing that parole was automatic upon the expiration of one-fourth of the sentence.

Trial judges in this State are encouraged to seek out information to assist them in wisely fixing sentences. *See State v. Thompson*, 267 N.C. 653, 148 S.E. 2d 613 (1966), *State v. Grant*, 19 N.C. App. 401, 199 S.E. 2d 14 (1973), *cert. denied* and *appeal dismissed*, 284 N.C. 256, 200 S.E. 2d 656 (1973).

In the trial below, we find

No error.

Judges PARKER and CLARK concur.