STATE OF NORTH CAROLINA v. JOSEPH MIDYETTE

No. 8710SC299

(Filed 6 October 1987)

**1. Rape and Allied Offenses §§ 1, 5— three acts with one victim—separate offenses**

Defendant was properly convicted of three charges of second degree rape where the evidence showed that defendant penetrated the victim's vagina with his penis on three distinct occasions and that on each occasion he accomplished the vaginal intercourse by the use of actual and constructive force against the will of the victim. The evidence as to each separate act of forcible intercourse was complete and sufficient to sustain a conviction of second degree rape without resort to the evidence necessary to prove either of the other rape charges.

**2. Criminal Law § 138.27— rape—position of trust or confidence—evidence not sufficient**

The trial court erred when sentencing defendant for second degree rape by finding that he had taken advantage of a position of trust or confidence where the evidence merely showed that the victim was acquainted with de-

fendant and did not show the existence of a relationship between them
through which defendant would occupy a position of trust and confidence.

**3. Criminal Law § 138.8— sentencing—victim input session—no confrontation
with defendant**

Trial courts should exercise extreme caution in conducting *in camera* "vic-
tim input sessions" and insure that all information received by the court
relating to punishment is made known to the defendant and his counsel and
that he is given the opportunity to explain or refute it.

Judge EAGLES dissenting.

APPEAL by defendant from *Farmer, Judge.* Judgment en-
tered 24 July 1986 in Superior Court, WAKE County. Heard in the
Court of Appeals 24 September 1987.

Defendant was charged with second degree sexual offense
and three counts of second degree rape, all allegedly committed
upon Joyce Still on 29 January 1985. He entered pleas of not
guilty. The evidence at trial tended to show that on 29 January
1985 Ms. Still, who was then separated from her husband, was at
her Raleigh apartment with her two-year-old son. Shortly after
midnight, Ms. Still heard a knock at her door and looked through
the peephole, but did not recognize the man she saw. She stepped
back from the door without opening it. About a minute later,
there was another knock and the man said, "Joyce, this is Joe.
Remember me." She looked again and recognized the defendant
as a man she and her sister had met on the preceding New Year's
Eve and had invited to join them for breakfast at Ms. Still's
apartment. Defendant told Ms. Still that he needed to use her
telephone. Because it was snowing, Ms. Still admitted defendant
and he used the telephone, but told her that he was unable to get
an answer. Then defendant walked up behind the chair where Ms.
Still was sitting, put his arm around her and his hand over her
mouth and forced her to stand. Defendant told Ms. Still not to
make any noise and to do as he said if she did not want him to
hurt her or her son. He pushed her over to a couch, undressed
her, and forced her to perform fellatio upon him. He then forced
her to lie down on the sofa and had sexual intercourse with her,
penetrating her vagina with his penis. Defendant said that he was
uncomfortable and pulled Ms. Still up from the sofa and pushed
her down the hall into her bedroom. He pushed her face down
onto the bed and inserted his penis into her vagina from the rear.

Ms. Still complained that defendant was hurting her; he pushed her onto her back, got on top of her and forcibly penetrated her vagina with his penis a third time. Ms. Still testified that throughout the commission of these acts, defendant threatened to harm her and her son if she did not do as he wanted.

Defendant presented no evidence. The jury found defendant guilty of second degree sexual offense and three counts of second degree rape. The trial judge sentenced defendant to four consecutive fifteen year terms of imprisonment. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General William P. Hart, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Leland Q. Towns, for defendant appellant.*

MARTIN, Judge.

[1] In the only assignment of error directed to the guilt-innocence phase of his trial, defendant contends that the same evidence was used by the State to obtain his conviction of each of the three charges of second degree rape. He argues that the three instances in which he penetrated Ms. Still's vagina with his penis constituted but a single continuous incident and "merge" into one criminal act, so that he can be convicted of only one rape. Therefore, he asserts, his conviction and punishment for three separate rapes is a violation of the double jeopardy provisions of the North Carolina and United States constitutions. We disagree.

Second degree rape is "vaginal intercourse with another person (1) [b]y force and against the will of the other person." G.S. 14-27.3(a)(1). *State v. Hosey*, 79 N.C. App. 196, 339 S.E. 2d 414, *modified and aff'd*, 318 N.C. 330, 348 S.E. 2d 805 (1986). The force necessary to constitute an element of the crime of rape need not be actual physical force. The use of force may be established by evidence that submission was induced by fear, duress or coercion. *State v. Yancey*, 291 N.C. 656, 231 S.E. 2d 637 (1977). "Evidence of the slightest penetration of the female sex organ by the male sex organ is sufficient for vaginal intercourse and the emission of semen need not be shown." *State v. Williams*, 314 N.C. 337, 351, 333 S.E. 2d 708, 718 (1985). *State v. Brown*, 312 N.C. 237, 321 S.E. 2d 856 (1984); *State v. Sneeden*, 274 N.C. 498, 164 S.E. 2d 190

(1968); *State v. Monds,* 130 N.C. 697, 41 S.E. 789 (1902). Each act of forcible vaginal intercourse constitutes a separate rape. *State v. Dudley,* 319 N.C. 656, 356 S.E. 2d 361 (1987). "Generally rape is not a continuous offense, but each act of intercourse constitutes a distinct and separate offense." *Id.* at 659, 356 S.E. 2d at 363, *quoting* 75 C.J.S. Rape § 4; *State v. Small,* 31 N.C. App. 556, 559, 230 S.E. 2d 425, 427 (1976), *disc. rev. denied,* 291 N.C. 715, 232 S.E. 2d 207 (1977).

In the present case, the evidence showed that defendant penetrated the victim's vagina with his penis on three distinct occasions and that on each occasion he accomplished the vaginal intercourse by the use of actual and constructive force against the will of the victim. The evidence as to each separate act of forcible intercourse was complete and sufficient to sustain a conviction of second degree rape without resort to the evidence necessary to prove either of the other rape charges. Therefore, under *Dudley,* each of the three acts of forcible vaginal intercourse with the victim was a separate rape and defendant was properly convicted and sentenced for all three offenses. This assignment of error is overruled.

[2] Defendant's remaining assignments of error relate to sentencing. In each of the four cases, the trial court found as aggravating factors that defendant had a prior record of convictions for criminal offenses, that he was on parole at the time of the offenses against Ms. Still, and that he took advantage of a position of trust or confidence to commit the offenses against Ms. Still. Defendant assigns error to the latter finding, contending that there was insufficient evidence to show the existence of any relationship of trust or confidence between him and the victim. We agree.

A finding of a relationship of trust or confidence "depends . . . upon the existence of a relationship between the defendant and the victim generally conducive to reliance of one upon the other." *State v. Daniel,* 319 N.C. 308, 311, 354 S.E. 2d 216, 218 (1987) (mother's relationship to newborn child supports finding of the factor). *See also State v. Potts,* 65 N.C. App. 101, 308 S.E. 2d 754 (1983) *disc. rev. denied,* 311 N.C. 406, 319 S.E. 2d 278 (1984) (victim thought of defendant as a brother and stated he knew defendant would not shoot him); *State v. Baucom,* 66 N.C. App. 298, 311 S.E. 2d 73 (1984) (factor might be properly found where

twenty-one-year-old defendant sodomized his ten-year-old brother); *State v. Stanley*, 74 N.C. App. 178, 327 S.E. 2d 902, *disc. rev. denied*, 314 N.C. 546, 335 S.E. 2d 318 (1985) (factor properly found where defendant raped a nineteen-year-old retarded girl who lived with defendant's family and who testified that she trusted and obeyed defendant as an authority figure). *But see State v. Carroll*, 85 N.C. App. 696, 355 S.E. 2d 844, *disc. rev. denied*, 320 N.C. 514, 358 S.E. 2d 523 (1987) (factor not properly found where defendant and victim had met only one and a half days before the murder and decided to take a trip in defendant's car).

In the present case, the evidence showed that Ms. Still had met defendant approximately one month before the events which gave rise to these charges. On that occasion, she had invited him to join her and her sister for an early morning New Year's breakfast at her apartment. After the breakfast, Ms. Still had permitted defendant to sleep on the sofa in her living room because he said that he had consumed too much alcohol to drive home. She had locked her bedroom door and had instructed her sister to do so. Defendant left the apartment without incident the next morning. He had called her on another occasion to invite her to lunch; she had declined his invitation. The evidence shows merely that the victim was acquainted with defendant; it does not show the existence of a relationship between them through which the defendant would occupy a position of trust and confidence. The trial court's error in finding this aggravating factor entitles defendant to a new sentencing hearing. *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983).

[3] Because it is necessary to remand this case for resentencing, we deem it appropriate to briefly discuss defendant's other assignment of error relating to the sentencing hearing. After hearing evidence and the arguments of counsel at the sentencing hearing, the trial judge conducted an *in camera* "victim input session" in his chambers before pronouncing judgment. Only the trial judge, the victim, the prosecutor, defense counsel and the court reporter were permitted to be present. The victim was permitted to make a statement expressing her views concerning the appropriate punishment to be imposed and the reasons therefor. Neither the prosecutor nor defendant's counsel were permitted to examine the victim. From the record, it appears that the trial

judge pronounced judgment immediately after returning to the courtroom without affording the defendant an opportunity to refute any of the matters urged by the victim in her statement.

Trial judges in North Carolina are allowed wide latitude in conducting sentencing hearings, *State v. Smith*, 300 N.C. 71, 265 S.E. 2d 164 (1980), and are encouraged to seek all relevant information which may be of assistance in determining an appropriate sentence. *State v. Hester*, 37 N.C. App. 448, 246 S.E. 2d 83 (1978). Formal rules of evidence do not apply. G.S. 15A-1334(b). The trial court may properly consider a victim's statement relating to a defendant's sentence. *State v. Clemmons*, 34 N.C. App. 101, 237 S.E. 2d 298 (1977), *disc. rev. denied*, 296 N.C. 412, 251 S.E. 2d 471 (1979). *See* G.S. 15A-825(9) (providing for preparation of victim impact statement for consideration by court).

The latitude and discretion accorded trial judges in the conduct of the sentencing hearing are not, however, without limits. Our Supreme Court has stated:

> Sentencing is not an exact science, but there are some well established principles which apply to the sentencing procedure. The accused has the undeniable right to be personally present when sentence is imposed. *Oral testimony, as such, relating to punishment is not to be heard in his absence. He shall be given full opportunity to rebut defamatory and condemnatory matters urged against him,* and to give his version of the offense charged, and to introduce any relevant facts in mitigation.

*State v. Pope*, 257 N.C. 326, 334, 126 S.E. 2d 132-33 (1962) (emphasis supplied). "All information coming to the notice of the court which tends to defame and condemn the defendant and to aggravate punishment should be brought to his attention before sentencing, and he should be given full opportunity to refute or explain it." *Id.* at 335, 126 S.E. 2d at 133.

The trial judge's action in conducting the *in camera* "victim input session" in the absence of defendant may have been prompted by a desire to spare the victim further confrontation with defendant, an understandable and laudable motive. Nevertheless, the trial courts should exercise extreme caution in conducting such *in camera* hearings and insure that all information received

State v. Midyette

by the court relating to punishment is made known to the defendant and his counsel and that he be given the opportunity to explain or refute it.

We conclude that defendant received a fair trial, free from prejudicial error. For the reasons stated, however, we remand these cases to the Superior Court of Wake County for a new sentencing hearing.

No error in the trial, remanded for resentencing.

Judge WELLS concurs.

Judge EAGLES dissents.

Judge EAGLES dissenting.

I respectfully dissent from that portion of the majority opinion which holds that three separate convictions and punishments for second degree rape may be sustained on the evidence before us. The majority finds no merit in defendant's claims that the double jeopardy clause of the Constitution of the United States and the Constitution of North Carolina prevents all three convictions being upheld. I disagree with the majority and would vote to vacate one of the three second degree rape convictions.

Defendant argues that the sexual misconduct here consisted of one incident of forced oral sex and one second degree rape, the three vaginal penetrations constituting parts of one occurrence of forced vaginal sexual intercourse. In his brief defendant argues that withdrawal of his penis and his forcible removal of the victim from the living room to the adjoining bedroom where he again vaginally penetrated her twice more were all part of one transaction of sexual misconduct and could be punished only as one rape. Likewise defendant argues that his acts in the bedroom of forcibly vaginally penetrating the victim from the rear and upon her protest withdrawing and immediately re-penetrating her vaginally from the front was but part of a single continuing transaction begun in the living room.

Though defendant's conduct is reprehensible and deserving of serious punishment, the question here is whether defendant

has committed but one second degree rape, as he argues on appeal, or three separate second degree rapes as the majority finds. I agree with the majority that the forcible vaginal penetration of the victim in the living room constitutes a separate offense from the bedroom acts. It was separated from the bedroom acts both as to place (in another room, some 20 to 25 feet away) and as to time (several minutes, the time to walk the 20-25 feet from the living room to the bedroom). However, as to the last two penetrations, I believe that they constitute but one sexual act, and must be punished as one second degree rape.

Our law is clear that second degree rape is "vaginal intercourse with another by force and against the will of the other person." G.S. 14-27.3(a)(1). Equally clear is the rule that to show vaginal intercourse in a rape prosecution there need be proof only of "the slightest penetration." *State v. Johnson*, 317 N.C. 417, 435, 347 S.E. 2d 7, 18 (1986). Nevertheless, each re-penetration, when part of the same act of vaginal intercourse, should not be punished as a separate rape. *Beasley v. State*, 94 Okla. Cr. 353, 236 P. 2d 263 (1951). The majority opinion here would tend to establish a rule that in a rape case where a defendant makes more than one penetration, no matter how close in time and place, each re-penetration automatically would support a separate rape charge and punishment.

The law contemplates that for each act of forcible vaginal intercourse there should be criminal prosecution and imposition of a punishment within the legislatively approved maximum. In the absence of legislative action, punishment for a single act of forcible sexual intercourse should not be increased solely because the act involves re-penetration after the initial forcible penetration, so long as it is part of the same act or transaction and there is no intervening activity.

*Harrell v. State*, 88 Wis. 2d 546, 277 N.W. 2d 462 (1979), discusses some helpful criteria for determining when sexually assaultive conduct with multiple penetrations should constitute one or more punishable offenses for double jeopardy purposes. Among the factors considered by the Wisconsin court are:

     (a) the nature of the act;

     (b) time elapsed;

(c) place, meaning the site of the acts as well as "the intimate parts of the victim's body invaded by the sexually assaultive behavior";

(d) intent and whether the lapse of time may indicate a newly formed intent to again seek sexual gratification or inflict abuse;

(e) cumulative punishment; and

(f) number of victims.

*Id.* at 572-574, 277 N.W. 2d at 472-474. They observed that: "[t]he presence and absence of a single factor or a combination of factors other than the nature of the act is not conclusive of the issue." *Id.* at 572, 277 N.W. 2d at 473.

While there was a separation in time and place of the forcible penetration of the victim in the living room from the later acts in the bedroom, the two vaginal penetrations in the bedroom occurred in close proximity of time, at the same place and with the same intent, i.e. gratification of defendant's sexual desires. In the bedroom, defendant withdrew from the penetration from the rear and after changing the victim's position on the bed immediately re-penetrated her from the front and completed the act of intercourse.

In considering the two bedroom penetrations, the nature of the act was the same, the time elapsed between them was apparently negligible, and the place was the same in both respects. Likewise the intent, defendant's sexual gratification, was the same in both penetrations and so little time elapsed as to negate the likelihood of any newly found intent. Utilizing the *Harrell* evaluation of factors, it is clear that there was but one punishable offense.

The majority relies on *State v. Dudley*, 319 N.C. 656, 356 S.E. 2d 361 (1987) to support the proposition that each act of forcible vaginal penetration constitutes a separate rape. In *Dudley* there were two completed acts of sexual intercourse with one victim. The two completed acts were separated by an unspecified period of time during which the defendant unsuccessfully attempted sexual intercourse with a second victim. Because there were two separate completed acts of intercourse which were separated in

time and by intervening circumstances (the attempted forcible intercourse with the second victim), *Dudley* is distinguishable on its facts.

The majority also cites *State v. Small*, 31 N.C. App. 556, 230 S.E. 2d 425 (1976), *disc. review denied*, 291 N.C. 715, 232 S.E. 2d 207 (1977). In *Small* there were two separate incidents of forcible intercourse with the same victim on the same evening. The first occurred when defendant accosted the victim on the street, threw her on the ground into some bushes, and raped her. The second incident of forcible intercourse occurred between the same defendant and victim on the way from the scene of the first rape to the victim's friend's apartment. The victim was attempting to lure her attacker to her friend's apartment after the first rape so she could get help. Unlike the instant case, the two rapes in *Small* were completed acts of forcible intercourse, substantially separated both in time and place.

Though the majority is correct that "*generally* rape is not a continuous offense," citing 75 C.J.S., *Rape* section 4, the facts and circumstances of the two penetrations in the bedroom show they were very close in time, at the same place, pursuant to the same intent and constitute one offense of rape. Accordingly, I dissent and vote to vacate the third conviction of second degree rape. In all other respects, I concur fully with the majority opinion.