STATE OF NORTH CAROLINA v. ALBERT NORRIS BEASLEY AND BOBBY DEE PAIGE, DEFENDANTS

No. COA94-814

(Filed 18 April 1995)

### 1. Criminal Law § 626 (NCI4th)— credibility of identification testimony

The victim's identification of defendant as the driver of the vehicle from which the codefendant shot at the victim was not inherently incredible so as to require the dismissal of charges against defendant for assault with a deadly weapon with intent to kill and discharging a firearm into occupied property where the victim testified that she met defendant in the summer of 1992, she had seen him twenty to twenty-five times before the incident in May 1993, and when she pulled alongside the codefendant's vehicle, she noticed defendant looking at her from the driver's side.

**Am Jur 2d, Evidence §§ 1478 et seq.**

STATE v. BEASLEY

[118 N.C. App. 508 (1995)]

**2. Criminal Law § 865 (NCI4th)— refusal to instruct jury on reasoning together—no abuse of discretion**

The trial court did not abuse its discretion by refusing to give the jury the instructions on reasoning together set forth in N.C.G.S. § 15A-1235(b) before the jury retired to deliberate.

**Am Jur 2d, Trial §§ 1104 et seq.**

**3. Criminal Law § 816 (NCI4th)— identification testimony—refusal to give requested instruction**

The trial court did not err by refusing defendant's request to give the former pattern jury instruction on identification which enumerated relevant factors to be considered in evaluating a witness's identification of defendant where the trial court gave the current pattern instruction on the State's burden of proving defendant's identity, and this instruction conveyed in substance defendant's requested instruction.

**Am Jur 2d, Trial §§ 1104 et seq.**

**4. Criminal Law § 1156 (NCI4th)— assault with deadly weapon—discharging firearm into occupied property—use of gun improper aggravating factor**

The trial court erred in finding as an aggravating factor that the crimes of assault with a deadly weapon with intent to kill and discharging a firearm into occupied property were committed with a gun when the use of a deadly weapon was an essential element of both offenses.

**Am Jur 2d, Criminal Law §§ 525 et seq.**

**5. Constitutional Law § 345 (NCI4th); Criminal Law § 1067 (NCI4th)— aggravating factor—addition after hearing—absence of defendant**

The trial court erred by adding the aggravating factor that defendant's conduct created a great risk to public safety after the sentencing hearing was completed and outside of defendant's presence.

**Am Jur 2d, Criminal Law §§ 598, 921-923.**

**6. Criminal Law § 1142 (NCI4th)— aggravated assault—motivation of codefendant—improper aggravating factor**

The trial court erred in finding as an aggravating factor against defendant that his codefendant was motivated to retaliate

against an assault victim for seeking child support from the codefendant.

**Am Jur 2d, Criminal Law §§ 598, 599.**

**7. Criminal Law § 1145 (NCI4th)— aggravated assault and discharging firearm into occupied property—aggravating factor—heinous conduct—insufficient evidence**

The trial court erred by finding as an aggravating factor for assault with a deadly weapon with intent to kill and discharging a firearm into occupied property that defendant's conduct was heinous because the victim was the mother of defendant's nephew where the victim was not wounded, and there was no evidence that she suffered any adverse effects not normally present in the charged offenses.

**Am Jur 2d, Criminal Law §§ 598, 599.**

**8. Criminal Law § 1203 (NCI4th)— failure to find mitigating factors—absence of supporting evidence**

The trial court did not abuse its discretion in failing to find any mitigating factors where defendant offered no uncontradicted or substantial evidence to support the mitigating factors he offered to the trial court.

**Am Jur 2d, Evidence §§ 934-1022.**

Appeal by defendants from judgments entered 25 February 1994 by Judge Marcus Johnson in Catawba County Superior Court. Heard in the Court of Appeals 21 March 1995.

Defendants are brothers and were both convicted of assault with a deadly weapon with intent to kill, G.S. 14-32, and discharging a firearm into occupied property, G.S. 14-34.1. Defendants were each sentenced to two consecutive ten year terms of imprisonment.

The State's evidence tended to show the following: Rachel Icard, the victim, testified that she dated defendant Bobby Paige during the winter of 1989 for one year and had a child by him. She met defendant Beasley at a nightclub in the summer of 1992 and saw him a number of times afterwards. On 10 May 1993, victim received a call from defendant Paige about a warrant charging him with nonpayment of child support. During the conversation, he told victim that if he shot her below the waist that would be considered a misdemeanor and not a felony.

STATE v. BEASLEY

[118 N.C. App. 508 (1995)]

On 12 May 1993, victim went to the magistrate's office at about 8:30 or 9:00 p.m. to obtain an arrest warrant for defendant Paige. On her way home from the magistrate's office, she noticed defendant Paige's car near hers but moving slowly. She attempted to pass on the right hand side and as she passed Paige's car, she observed defendant Paige sitting on the passenger side of the car with defendant Beasley driving the car. When she looked over at defendant Beasley, she then saw that defendant Paige had a silver handgun pointed at her. She ducked and accelerated and then heard two or three gunshots. She went back to the police station and reported to Officer Farmer that defendant Paige had shot at her. Officer Farmer testified that victim was hysterical and crying and that her whole body was shaking. There were three bullet holes in victim's car.

Defendant Paige testified that he had to stop dating victim because of several incidents with victim, including slashing his tires. He testified that on 12 May 1993, he was at a recreation center from 5:30 p.m. until closing at 9:50 p.m. At least two witnesses verified that defendant Paige was at the recreation center until closing time. Defendant Beasley testified to essentially the same facts, adding that he could not have driven his brother's car, because he did not know how to drive a stick shift very well.

Defendants appeal.

*Attorney General Michael F. Easley, by Assistant Attorney General Floyd M. Lewis, for the State.*

*E.X. de Torres for defendant-appellant Beasley.*

*Robert W. Adams for defendant-appellant Paige.*

EAGLES, Judge.

Defendants each bring forward several assignments of error. After careful review of the record and briefs, we find no errors in the trial but remand for a new sentencing hearing for each defendant.

DEFENDANT BEASLEY'S APPEAL

I.

[1] Defendant first contends that the trial court erred in denying defendant's motion to dismiss. In ruling upon a motion to dismiss, the trial court must determine whether, "upon consideration of all of the evidence in the light most favorable to the State, there is substantial evidence that the crime charged . . . was committed and that defend-

ant was the perpetrator." *State v. Franklin*, 327 N.C. 162, 171, 393 S.E.2d 781, 787 (1990). Defendant contends that victim's identification of him as the driver of the vehicle was inherently incredible. We disagree.

The credibility of witnesses and the proper weight to be given their identification testimony is a matter for the jury to decide. *State v. Turner*, 305 N.C. 356, 362, 289 S.E.2d 368, 372 (1982). In determining whether a witness' identification testimony is inherently incredible requiring dismissal, the test is whether "there is a reasonable possibility of observation sufficient to permit subsequent identification." *Id.* at 363, 289 S.E.2d at 372 (quoting *State v. Miller*, 270 N.C. 726, 732, 154 S.E.2d 902, 906 (1967)). Here, victim testified that she met defendant Beasley in the summer of 1992 and had seen him approximately "twenty to twenty five times" before the incident on 12 May 1993. Victim also testified that when she pulled alongside defendant Paige's car, she noticed defendant Beasley looking at her from the driver's side. Victim's testimony establishes that there was a reasonable possibility of observing defendant. This assignment of error is overruled.

## II.

[2] Defendant's next three assignments of error concern the trial court's denial of defendant's request to give certain instructions to the jury before they retired to deliberate. Defendant first contends that the trial court erred in refusing to give the following instructions listed in G.S. 15A-1235(b):

(1) Jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment;

(2) Each juror must decide the case for himself, but only after an impartial consideration of the evidence with his fellow jurors;

(3) In the course of deliberations, a juror should not hesitate to reexamine his own views and change his opinion if convinced it is erroneous; and

(4) No juror should surrender his honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors, or for the mere purpose of returning a verdict.

The trial court is not required to give these instructions upon request, but may give them in its discretion. G.S. 15A-1235(b). We find no abuse of discretion here.

**[3]** Second, defendant contends that the trial court erred in refusing to instruct the jury on the relevant factors of identification. The trial court is not required to charge the jury in the exact language requested by defendant. "A charge which conveys the substance of the requested instructions is sufficient." *State v. Smith*, 311 N.C. 287, 290, 316 S.E.2d 73, 75 (1984). The trial court gave the current criminal pattern jury instruction regarding the State's burden in proving defendant's identity. The court charged the jury as follows:

> Now the State has the burden of proving the identity of the defendant as the perpetrator of the crime charged beyond a reasonable doubt. This means that you the jury must be satisfied beyond a reasonable doubt that the defendant was the perpetrator of the crime charged before you may return a verdict of guilty.

Defendant requested the former pattern jury instruction regarding identification that enumerated relevant factors to be considered in evaluating a witness' identification. We conclude that the trial court's instruction conveyed defendant's requested instructions in substance. We also note that defendant did not submit this proposed instruction in writing as required by G.S. 15A-1231. This assignment of error fails.

Third, defendant contends that the trial court erred in refusing to instruct the jury that they must first consider the guilt or innocence of defendant Paige before they could consider defendant's guilt. The trial court gave this instruction in substance in its initial charge to the jury. This assignment of error is without merit.

### III.

Defendant's next four assignments of error concern sentencing errors. Defendant contends that the trial court erred in finding as aggravating factors that 1) the crimes were committed with a gun when a gun is an essential element of both offenses; 2) defendant Paige was motivated to retaliate against victim for seeking to require him to pay child support; 3) defendant's conduct was heinous in that victim was the mother of defendant's nephew; and 4) defendant's conduct created a great risk to public safety. We agree that the trial court erred in finding these factors in aggravation.

**[4]** Defendant first contends that the trial court erred in finding as an aggravating factor that the crimes were committed with a gun. "Evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation." G.S. 15A-1340.4(a)(1).

Defendant was convicted of assault with a deadly weapon with intent to kill and discharging a firearm into occupied property. Use of a deadly weapon is an essential element of both of these offenses. The trial court erred in relying upon the aggravating factor of defendant's use of a deadly weapon when an essential element of both offenses involves the use of a deadly weapon.

**[5]** The trial court also erred by finding as an aggravating factor that defendant's conduct created a great risk to public safety and by doing so other than in open court. Defendant's sentencing hearing was conducted in open court on 25 February 1994. On 28 February 1994, the trial court added this nonstatutory aggravating factor after the sentencing hearing and outside of defendant's presence.

> The accused has the undeniable right to be personally present when sentence is imposed. Oral testimony, as such, relating to punishment is not to be heard in his absence. He shall be given full opportunity to rebut defamatory and condemnatory matters urged against him, and to give his version of the offense charged, and to introduce any relevant facts in mitigation.

*State v. Midyette*, 87 N.C. App. 199, 204, 360 S.E.2d 507, 510 (1987) (quoting *State v. Pope*, 257 N.C. 326, 334, 126 S.E.2d 132-33 (1962)). In *Midyette*, the trial court conducted an *in camera* examination of the rape victim to permit the victim to express her views concerning the defendant's appropriate punishment. Defense counsel, the prosecutor, the judge, and the victim were present in the trial court's chambers. Defendant was not present. This court held that defendant was denied his opportunity to be present at the sentencing hearing and to refute or explain the information used to aggravate his punishment. *Id.* at 204, 360 S.E.2d at 510. It appears from the record here, that the trial court added this aggravating factor after the sentencing hearing was completed. The trial court erred in adding this aggravating factor outside of defendant's presence.

**[6]** Defendant next contends that the trial court erred in finding as an aggravating factor against defendant that his codefendant, defendant Paige, was motivated to retaliate against victim for seeking child support. We agree. The existence of an aggravating factor must be proved by a preponderance of the evidence. *State v. Thompson*, 314 N.C. 618, 622, 336 S.E.2d 78, 80 (1985). There is no evidence here as to defendant Beasley's motivation. Defendant Beasley did not have a child by victim and there is no evidence that victim sought child support from him. The trial court apparently imputed defendant Paige's motivation

for committing these crimes to defendant Beasley. During sentencing, "reliance on evidence from the trials of others connected with the same offense is improper absent a stipulation." *State v. Thompson*, 314 N.C. 618, 623, 336 S.E.2d 78, 81 (1985). The trial court erred in finding this aggravating factor.

**[7]** Finally, defendant contends that the trial court erred in finding that defendant's conduct was heinous in that victim was the mother of defendant's nephew. In determining whether an offense is especially heinous, atrocious or cruel, "the focus should be on whether the facts of the case disclose excessive brutality, or physical pain, psychological suffering, or dehumanizing aspects not normally present in that offense." *State v. Brown*, 314 N.C. 588, 592, 336 S.E.2d 388, 391 (1985) (quoting *State v. Blackwelder*, 309 N.C. 410, 414, 306 S.E.2d 783, 786 (1983)). Here, victim was not wounded. There is no evidence that she suffered any adverse effects not normally present in the charged offenses. The trial court erred in finding this factor in aggravation.

When the trial court erroneously finds aggravating factors and imposes a sentence beyond the presumptive term, the case must be remanded for a new sentencing hearing. *State v. Ahern*, 307 N.C. 584, 300 S.E.2d 689 (1983). Accordingly, defendant is entitled to a new sentencing hearing.

IV.

**[8]** Finally, defendant contends that the trial court erred in failing to find any mitigating factors. The trial court is not required to find a mitigating factor unless the evidence supporting the factor is uncontradicted, substantial and there is no reason to doubt its credibility. *State v. Daniel*, 319 N.C. 308, 312, 354 S.E.2d 216, 218 (1987). Defendant offered no uncontradicted or substantial evidence to support the mitigating factors he offered to the trial court. The trial court did not abuse its discretion in failing to find any mitigating factors.

DEFENDANT PAIGE'S APPEAL

Defendant Paige contends that the trial court erred in denying his motion to dismiss and in adding as an aggravating factor that defendant Paige's conduct created a great risk to public safety. For the reasons discussed *supra* in dealing with defendant Beasley's appeal, we hold that the trial court did not err in denying defendant Paige's motion to dismiss. I. *supra*. However, for the reasons discussed *supra* in defendant Beasley's appeal, we hold that the trial court erred

in adding as an aggravating factor outside of defendants' presence that defendant Paige's conduct created a great risk to public safety.

In sum, defendants received a fair trial free from prejudicial error, but these cases are remanded for a new sentencing hearing based on errors in the sentencing stage of trial.

As to defendant Beasley, no error in trial, remanded for resentencing.

As to defendant Paige, no error in trial, remanded for resentencing.

Judges MARTIN, JOHN C., and WALKER concur.